TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00109-CR







Juan Antonio Gonzalez, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 48,779, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 Appellant Juan Antonio Gonzalez was convicted of sexual assault, Tex. Pen. Code
Ann. § 22.011(a)(1) (West Supp. 2001), based on his plea of guilty. The district court assessed
punishment at five years' confinement in the Institutional Division of the Texas Department of
Criminal Justice. Appellant presents two points of error complaining that: (1) the district court failed
to appoint an interpreter at the plea and sentencing hearings, which prevented him from freely and
voluntarily waiving his right to confrontation of witnesses and entering a plea of guilty; and (2) his
trial counsel failed to provide effective assistance, which prevented him from freely and voluntarily
entering a plea of guilty. We will affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

 Appellant is a forty-year-old United States resident who has lived in this country
approximately fifteen years. Although he is illiterate, appellant can speak and understand some
English.

 On May 10, 1998, a birthday party was held for appellant at his residence. Several
people attended, including the victim. During the party, while appellant and the victim were alone,
the sexual assault occurred. After the party, the assault was reported to the Bell County Sheriff's
Department. On May 14, Wayne McGlothlin, an investigator employed by the sheriff's department,
obtained a statement from appellant in which appellant admitted he had sexually assaulted the victim
during the birthday party. McGlothlin was aware that appellant was illiterate and that Spanish was
his primary language. Accordingly, to accommodate appellant, McGlothlin took the following steps:
(1) offered appellant the services of a Spanish-speaking peace officer during the entire interview,
which appellant refused; (2) typed appellant's statement as appellant related it to McGlothlin, and 
then made an audio recording of that portion of the interview during which he read back the typed
statement to appellant; and (3) caused Officer T.J. Cruz, a Spanish-speaking officer, to attend that
portion of the interview during which McGlothlin read back the typed statement to appellant.

 On June 10, a grand jury indicted appellant for sexual assault, and he was
subsequently arrested. Appellant retained trial counsel. On November 3, 2000, appellant agreed to
waive a jury trial and entered a guilty plea to the charge of sexual assault. Appellant did not have
a plea-bargain agreement with the State. The district court accepted the guilty plea, but withheld a
finding of guilt and ordered a presentence-investigation report. An interpreter was not present during
the plea hearing. Trial counsel verbally requested an interpreter for the sentencing hearing at the
completion of the plea hearing, and the district court agreed.

 On December 8, the sentencing hearing was held. An interpreter was not present. 
Appellant's only character witness, his current wife, was unable to testify because she did not speak
English. The victim testified. The court then found appellant guilty and sentenced him to five years'
confinement.

 On January 8, 2001, appellant filed a motion for new trial asserting the same claims
presented in this appeal. The district court denied appellant's motion. 


APPOINTMENT OF INTERPRETER

 By his first point of error, appellant contends that the district court was required to
appoint an interpreter and the court's failure to do so prevented him from freely and voluntarily
waiving his right to confront witnesses and enter a plea of guilty. Article 38.30 of the Texas Code
of Criminal Procedure provides that in a criminal proceeding, when "it is determined that a person
charged or a witness does not understand and speak the English language, an interpreter must be
sworn to interpret for him." Tex. Code Crim. Proc. Ann. art. 38.30 (West Supp. 2001); see Baltierra
v. State, 586 S.W.2d 553, 557 (Tex. Crim. App. 1979). Unless the record otherwise demonstrates
an accused's lack of understanding of the proceedings, however, an accused who does not request
an interpreter waives the right to complain on appeal. Hernandez v. State, 986 S.W.2d 817, 822
(Tex. App.--Austin 1999, pet. ref'd). The fact that an accused may be more fluent in Spanish does
not, in and of itself, require a district court to appoint an interpreter if the accused demonstrates an
ability to understand and speak the English language. Cantu v. State, 993 S.W.2d 712, 721 (Tex.
App.--San Antonio 1999, pet. ref'd). Furthermore, at least one or more nonresponsive answers by
a defendant in a criminal proceeding is not unusual and does not necessarily establish the need for
an interpreter. See Hernandez, 986 S.W.2d at 822; Brazell v. State, 828 S.W.2d 580, 582 (Tex.
App.--Austin 1992, pet. ref'd).

 Here, appellant executed a "Waiver of Jury and Agreement to Stipulate Upon a Plea
of Guilty" which specifically provided that: (1) appellant understood the elements of the offense
charged and the consequences of his guilty plea, including the minimum and maximum punishments;
(2) appellant voluntarily waived his right to remain silent and his right to the appearance,
confrontation, and examination of witnesses; (3) appellant discussed the facts of the offense with his
trial counsel; and (4) appellant's decision to enter a guilty plea was his free and voluntary decision
made with knowledge of the facts of the case. Appellant contends that, despite this waiver, his plea
was not a free and voluntary decision because he did not sufficiently understand the English
language and he was deprived of an interpreter.

 The record indicates that appellant stated on several occasions that he was able to
understand and speak English. He indicated this to McGlothlin, his trial counsel, the district court,
and the person preparing the presentence-investigation report. Furthermore, the record indicates that
appellant was able to converse with his trial counsel and the district court in English during the plea
hearing. During that hearing, the district court engaged in the standard plea colloquy. See Tex.
Crim. Proc. Code Ann. art. 26.13 (West 1989 & West Supp. 2001). Appellant clearly indicated
when he did not understand, and his trial counsel and the court would stop to clarify the issue for
him. At the end of the plea hearing, appellant's trial counsel verbally requested an interpreter for
the sentencing hearing, and the district court agreed. Although an interpreter was not present at the
sentencing hearing, appellant never made a motion or even a verbal request for an interpreter during
the hearing. Again, during the sentencing hearing, appellant was able to converse with his trial
counsel, the prosecutor, and the court in English. Although appellant contends that he tried to
withdraw his guilty plea at this stage, the record indicates that he was simply confused as to whether
penetrating the victim's anus with his fingers without her consent satisfied the elements of "sexual"
assault. After the elements of the offense were explained to him by his trial counsel, he clearly
indicated he was pleading guilty to the offense charged. Appellant's trial counsel specifically
addressed this issue at the sentencing hearing:


Q: . . . In the probation report it said something about - in the probation report it
says that you did not commit sexual assault, but since I have talked to you and
I have explained to you and I told you what sexual assault is you realize that
[sic] sexual assault; is that right?


A: Yes, sir.


Q: You have no right to put your finger in this woman's anus. Did you, in her
colon, okay?


A: Uh-huh.


Q: That's wrong; is that correct?


A. Yes. Yes, sir.



Furthermore, the prosecutor clarified on cross-examination any confusion as to whether appellant
understood the actions he was admitting to:


Q: When you said in this presentence report that your lawyer talked about that you
didn't think that this was sexual. Fact of the matter is though, in your statement
you, you said and I'll quote what you said, "I told her I wanted something. She
said no."


A: Yes, sir.


Q: What did you want? You wanted sex, didn't you?


A: Yes, sir.


Q: And she said no?


A: Yes, sir.


Q: Okay. I pulled her shorts and panties down?


A: Yes, sir.


Q: The lady was holding her shorts and was trying not to let me pull them down?


A: Yes, sir.


Q: Okay. You had her shorts pulled down to her knees and you stuck your fingers
in her butt, right?


A: Yes, sir.


Q: And the only reason you stopped is because Jeffery came looking for her?


A: Yes, sir.



The previous exchanges between appellant and his trial counsel and the prosecutor do not indicate
appellant's inability to understand English. Rather, the exchanges demonstrate that appellant was
simply confused regarding the application of the law to his actions, and the record clearly indicates
that this confusion was easily clarified by explanation in English to appellant.

 The record indicates that appellant was able to understand the proceedings. Although
he had previously requested an interpreter at his sentencing hearing, when no interpreter was present
at that hearing, he never pursued his request again until his motion for rehearing. Appellant is forty
years old and has lived in this country for approximately fifteen years. See Vasquez v. State, 819
S.W.2d 932, 937 (Tex. App.--Corpus Christi 1991, pet. ref'd) (where record did not indicate that
defendant did not understand English and where defendant did not request interpreter or object to
failure to appoint interpreter, court considered fact that defendant was middle-aged man who had
resided in South Texas for at least five years in determining that trial court did not err in failing to
appoint interpreter). Furthermore, the record provides ample evidence that appellant understood and
conversed in the English language reasonably well; the mere fact that he might have been able to
express himself better in Spanish did not require the use of an interpreter. See Vargas v. State, 627
S.W.2d 785,787 (Tex. App.--San Antonio 1982, no pet.) (holding that where record indicated that
defendant understood and communicated in English reasonably well, trial court did not err in
denying defendant's request to appoint interpreter simply because he was more fluent in Spanish). 
The district court did not err in accepting appellant's plea without providing an interpreter. As the
court of criminal appeals explained in Briones v. State:


 The only basis for providing an interpreter is because of the constitutional and
statutory guarantee of confrontation under the Constitutions of the United States and
of Texas. Ex parte Marez, 464 S.W.2d 866 (Tex.Cr.App.1971). However those
rights may be waived. Garcia v. State, 151 Tex.Cr.R. 593, 210 S.W.2d 574 (1948). 
The question involved in the case at bar is not whether the failure to appoint an
interpreter denied the appellant's right to confrontation. Rather the question is
whether the failure to appoint an interpreter prevented the appellant from intelligently
and voluntarily waiving his right to confrontation and entering a plea of nolo
contendere.


 . . . .


 This case may be distinguished from those of Baltierra v. State, 586 S.W.2d
553 (Tex.Cr.App.1979) and Ex parte Nanes, 558 S.W.2d 893 (Tex.Cr.App.1977). 
Here the appellant waived his right to confrontation and cross-examination of
witnesses. Baltierra and Nanes did not waive their rights to confrontation and
cross-examination of the witnesses, and they could not fully exercise those rights
because they did not understand the English language; they needed interpreters to
help them understand the testimony of the witnesses.



Briones v. State, 595 S.W.2d 546, 547-48 (Tex. Crim. App. 1980).

 As in Briones, the record before this Court reflects that the appellant was informed
of his rights, waived those rights, and freely and voluntarily entered his plea. Accordingly, we
overrule appellant's first point of error.


INEFFECTIVE ASSISTANCE OF COUNSEL

 By his second point of error, appellant contends that he was denied effective
assistance of counsel, rendering his plea of guilty involuntary. The district court may not accept a
plea of guilty unless it appears to the court that the plea is free and voluntary. Tex. Code Crim. Proc.
Ann. art. 26.13(b) (West 1989). The trial judge must determine whether a guilty plea is voluntarily
and knowingly given considering the totality of the circumstances surrounding the entry of the guilty
plea. Cantu, 993 S.W.2d at 716. Written admonitions signed by the defendant and trial counsel and
the court reporter's record showing that the defendant orally represented to the court that he
understood the admonitions, as occurred in this case, constitute prima facie evidence that the plea
was voluntary. See id. at 717; Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim App. 1985). On
a prima facie showing of a voluntary plea, the burden shifts to the defendant to show he entered a
plea without knowledge of the consequences. Cantu, 993 S.W.2d at 717. To prevail in his
ineffective-assistance-of-counsel claim, appellant must prove by a preponderance of the evidence
that: (1) his trial counsel's performance was deficient; and (2) the deficiency prejudiced his defense. 
Strickland v.Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 772-74
(Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). The
standard for evaluating the effectiveness of counsel required by Strickland is equally applicable to
a claim of ineffective assistance of counsel arising out of the plea process. Hill v. Lockhart, 474 U.S.
52, 57-58 (1985). The voluntariness of the plea is contingent on: (1) whether trial counsel's advice
was within the range of competence required of attorneys in criminal cases; and (2) if not, whether
there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded
guilty and would have insisted on going to trial. Cantu, 933 S.W.2d at 717; Hill, 474 U.S. at 59;
Strickland, 466 U.S. at 687. 

 The review of a trial counsel's representation on an ineffective-assistance challenge
is highly deferential to the counsel's professional judgment. Strickland, 466 U.S. at 689. In meeting
the first prong of the Strickland test, appellant must overcome a strong presumption that his
counsel's conduct falls within the wide range of reasonably professional assistance. Id. He must
identify the acts or omissions of counsel that are not the result of reasonable professional judgment. 
Id. at 690. He must then show, in light of all the circumstances, that the identified acts or omissions
were outside the wide range of professionally competent assistance. Id. To meet the second prong
of the test, appellant must demonstrate that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Id. at 694. A
reasonable probability is a probability sufficient to undermine confidence in the outcome of the
proceeding. Id.

 Appellant identifies seven acts and omissions of his counsel that he contends
constitute ineffective assistance.


1. Failure to conduct independent investigation

 An attorney representing a criminal defendant is required to make an independent
investigation into the facts of the case. McFarland v. State, 928 S.W.2d 482, 501 ( Tex. Crim. App.
1996). This requirement includes the duty to investigate and interview potential witnesses. Ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The duty to conduct an investigation,
however, is not absolute. McFarland, 928 S.W.2d at 501. Rather, trial counsel has the duty "to
make reasonable investigations or to make a reasonable decision that makes particular investigations
unnecessary." Id. (citing Strickland, 466 U.S. at 691). A trial counsel's decision not to investigate
or to limit the scope of an investigation is evaluated by the court with considerable deference to the
trial counsel's judgment; the court considers the reasonableness of the counsel's decision in light of
the totality of the circumstances. Id.

 Appellant contends that his trial counsel was deficient in failing to investigate the
facts of his case. To determine whether this error prejudiced the appellant by causing him to plead
guilty rather than go to trial will depend on the likelihood that discovery of evidence would have led
counsel to change his recommendation as to appellant's plea. Hill, 474 U.S. at 59. Appellant must
show that witnesses were available and that he would have benefitted from their testimony. King
v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). In this case, however, appellant had already
provided a written statement to the police in which he admitted that he penetrated the victim's anus
with his fingers without her consent. In light of this statement, it is unlikely that the witnesses that
he identified in his motion for new trial would have been of any benefit to him. There is no
indication that any new or helpful information would have been acquired or that the failure to
interview these witnesses in any way limited or interfered with his defense.

 Although appellant's trial counsel may not have engaged in a vigorous investigation,
appellant has failed to satisfy, if not the deficiency prong of the Strickland test, certainly the
prejudice prong. See Cantu, 993 S.W.2d at 721. Appellant has not demonstrated a reasonable
probability that had counsel independently investigated, the result of the proceeding would have been
different.


2. Failure to challenge voluntariness of appellant's statement

 Appellant contends that his trial counsel was deficient in failing to challenge the
voluntariness of his statement to the police. The record in this case, however, clearly indicates that
appellant's statement was voluntarily given. The testimony of McGlothlin and Cruz indicates that
appellant understood the statement he provided and that he admitted to the actions he engaged in
with regard to the victim. Appellant contends his statement was not voluntary because he has limited
ability to understand and speak English. We have considered and overruled this point previously. 
Furthermore, we note that appellant has never affirmatively denied the substance of his statement
to police. Although he did contend at one point that he attempted to withdraw his guilty plea, this
was merely confusion as to what constituted the elements of the offense of sexual assault. Upon
clarification, appellant readily admitted to his actions and confirmed the substance of his statement.

3. Failure to request and obtain an interpreter

 Appellant's contention in this regard is simply a reiteration of the arguments
presented in his first point of error, which we have overruled.


4. Inducement of appellant's guilty plea

 Appellant contends that his trial counsel was deficient in that counsel provided
incorrect advice that induced him to plead guilty. In support of this argument, appellant points to
his alleged attempt to withdraw his guilty plea at the sentencing hearing. As previously indicated,
the record clearly indicates that appellant was simply confused as to whether his actions with regard
to the victim satisfied the elements of sexual assault. After the elements of the offense were
explained to him, he clearly indicated he was pleading guilty to the offense charged.


5. Failure to explain the charges

 Appellant contends that his trial counsel failed to explain to him the nature of the
offense charged in the indictment before he entered his guilty plea. Appellant contends that he only
became aware of the nature of the charges against him during his interview with the person preparing
the presentence-investigation report. Appellant contends that it was only after that interview that his
trial counsel explained the charge of sexual assault. Trial counsel testified that he and appellant did
discuss the nature of the charges against appellant before he entered his guilty plea. In addition, the
"Waiver of Jury and Agreement to Stipulate Upon a Plea of Guilty" specifically provided that
appellant understood the elements of the offense charged, that he discussed the facts of the offense
with his trial counsel, and that his decision to enter a guilty plea was his free and voluntary decision
made with knowledge of the facts of the case. Furthermore, appellant did not testify to the contrary
at his hearing on the motion for new trial. Even if we assume trial counsel failed to explain to
appellant the nature of the offense charged in the indictment before the he entered his guilty plea,
appellant has failed to satisfy the prejudice prong of the Strickland test. Appellant has not
demonstrated a reasonable probability that had counsel explained to him the nature of the offense
charged in the indictment before he entered his guilty plea, the result of the proceeding would have
been different.


6. Failure to present mitigating evidence

 Appellant contends that trial counsel failed to present mitigating evidence. In support
of this argument, appellant reiterates several arguments previously asserted and overruled. 
Furthermore, appellant's confession to police left little room for trial counsel to present any
mitigating circumstances. The only "mitigating" evidence we can discern from appellant's brief is
that he had been drinking at the time of the offense. Testimony was offered into the record regarding
this fact even though, under Texas law, voluntary intoxication may only be considered a mitigating
factor if it rose to the level of temporary insanity. Tex. Pen. Code Ann. § 8.04(a) (West 1994). This
claim has never been asserted by appellant.


7. Failure to assist in pursuing motion for new trial

 Appellant contends his trial counsel was deficient in failing to assist him in pursuing
his motion for new trial. In light of our previous holdings, this argument has no merit.

 We overrule appellant's second point of error.


CONCLUSION


 We affirm the district court's judgment of conviction.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: December 13, 2001

Do Not Publish