**Steven Howard RANEY, Appellant,**

v.

**The STATE of Texas.**

**No. 244–98.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 16, 1998.

Kerry P. FitzGerald, Dallas, for appellant.

Jill Durbin, Asst. Dist. Atty., Waxahachie, Betty Marshall, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for the State.

## *OPINION*

MANSFIELD, Judge, delivered the opinion of the Court, in which BAIRD, OVERSTREET, MEYERS, and PRICE, JJ., joined.

Appellant, Steven Howard Raney, pled guilty before a jury to the felony charge of tampering with physical evidence. See Tex. Penal Code § 37.09(a)(1). The jury subsequently assessed his punishment at imprisonment for ten years and a fine of $5,000. On appeal, appellant argued that he had been denied, among other things, his state and federal constitutional rights to the reasonably effective assistance of counsel. See U.S. Const. amends. VI & XIV; Tex. Const. art. I, § 10. The Tenth Court of Appeals agreed with appellant's constitutional arguments, reversed the trial court's judgment as to punishment, and remanded the case to that court for a new punishment hearing. *Raney v.*

*State,* 958 S.W.2d 867, 879–880 (Tex.App.—Waco 1997). We granted the State's and State Prosecuting Attorney's petitions for discretionary review to determine whether the Court of Appeals had erred. See Tex. R.App. Proc. 66.3(b) & (c).

After reviewing the briefs of all parties and the relevant portions of the record, and after hearing oral argument, we conclude that our decision to grant the State's and State Prosecuting Attorney's petitions was improvident. Accordingly, we dismiss those petitions. See Tex.R.App. Proc. 69.3. As in all cases in which we dismiss a petition for discretionary review as improvidently granted, the dismissals here must not be construed as approval of the reasoning or holding of the Court of Appeals. See *Warner v. State,* 969 S.W.2d 1, 2 (Tex.Crim.App.1998).

WOMACK, J., filed a dissenting opinion, in which McCORMICK, P.J., and KELLER and HOLLAND, JJ., joined.

WOMACK, Judge., filed a dissenting opinion, in which McCORMICK, P.J., and KELLER and HOLLAND, JJ., joined.

The issue in this case is whether defense counsel failed to render effective assistance to the appellant at the his trial on punishment. The Court of Appeals held that he did not, because of three instances of defective representation. We think that none of these instances can be called ineffective assistance of counsel.

The gist of the case is that the appellant and another person, who were both peace officers, cut into a one-kilogram package of cocaine which the appellant had seized from two suspects, and took some for their own consumption. The appellant elected that a jury assess his punishment, and he pleaded guilty to an indictment for tampering with physical evidence. The jury verdict was ten years' imprisonment and a $5,000 fine. The Court of Appeals reversed and remanded for a new punishment hearing. *See Raney v. State,* 958 S.W.2d 867 (Tex.App.—Waco 1997). We granted discretionary review.

The Court of Appeals identified three derelictions that amounted to a failure of counsel to render effective assistance. First, counsel

failed to object to the State's "theme," presented by questions and argument, that the appellant had destroyed the State's prosecution of the two suspects he had arrested with the cocaine. The appellant's counsel not only failed to object, he had asked his client on direct examination if he realized that his crime had certainly compromised, if not completely destroyed, the prosecutions of the two suspects. The Court of Appeals said the State's theme was "improper" for two reasons: The taking and consumption of a portion of the cocaine would not amount to a breach of the chain of custody that would render the remainder of the cocaine inadmissible. And, even if that package was tainted, the appellant had seized a second one-kilogram package of cocaine that had not been tampered with, which surely would have been admissible in a prosecution of the two suspects. *See id.*, 958 S.W.2d at 878.

With all respect, I think the Court of Appeals has misapprehended the problem with prosecuting the two suspects. The question of whether the prosecution of the two suspects had been destroyed was not a legal one, it was a practical one. Regardless of whether some, or all, of the cocaine might have been admissible over the suspects' objections, would the State want to go before a jury and seek a conviction and punishment on such facts? The appellant was the lead officer in the case. It was he who made the traffic stop of the suspects, used his narcotic-detecting dog which alerted on the trunk, and found a package of cocaine. In order to convict the two suspects, the State would have had to call the appellant, knowing that he was a dishonest cop, a drug abuser, and involved in the same kind of offense for which the suspects were on trial. Defense counsel's decision to agree with the State that the prosecutions of the two suspects had been destroyed was well within the scope of reasonable trial strategy.

The second fault that the Court of Appeals found was counsel's failure to object to a statement by the prosecutor. The appellant had said he would be willing to testify against the other officer who was accused of evidence tampering. The State said in cross-examination that it would be able to subpoena the appellant to testify in a month regardless of his willingness to testify. The Court of Appeals found this statement to be prosecutorial misconduct because the appellant had a constitutional right to remain silent. *Id.*, 958 S.W.2d at 878. The Court of Appeals failed to consider that witnesses who invoke their right to remain silent may be compelled to testify if the prosecution grants them immunity from the use of their testimony against them. *See Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The prosecutor's statement was essentially correct, and counsel's decision not to object was not unreasonable.

The third failing of counsel was his asking the appellant whether two witnesses, who were peace officers, had told the truth. The witnesses had testified that the appellant had returned his stolen cocaine to them in his house. The appellant's version was different; he said the stolen cocaine had never left the trunk of his car. Defense counsel, therefore, asked the appellant on direct examination if the two witnesses' contrary testimony was true or false. The State asked the appellant on cross-examination if the two witnesses had lied. The Court of Appeals pointed out that it would have been improper for the State to have initiated such a line of questioning, so that counsel's decision about direct examination deprived him of the chance to make a valid objection on cross examination. *See Raney v. State*, 958 S.W.2d at 879. While this is correct, it is irrelevant to the inquiry, which is whether defense counsel was unreasonable to ask his client on direct examination whether the State's evidence was true after the client had contradicted it. I think this was well within the range of reasonable strategy.

The Court of Appeals' decision rests on three holdings, two of which are wrong as a matter of law. These errors require at least, I believe, that the judgment be vacated and remanded for reconsideration.

I also am concerned about the Court of Appeals' holding that a reasonably effective defense attorney would have kept the State from arguing that its prosecution of the two cocaine smugglers had been destroyed by the defendant's actions. Assuming *arguendo*

that objections to that argument would have been legally sound, the fact remains that the defendant could reasonably have chosen as a strategy not to make a such objections. His plea was guilty. His strategy was to confess and ask for mercy. It did not work, and it is understandable that he now chooses to avoid the consequences of his decision by turning against his counsel. But the law is clear, to me, that there should not be a reversal on this record. We have said more than once lately that claims of ineffective assistance cannot usually be evaluated on appeal because the record will not reveal whether the decisions of defense counsel were made for strategic reasons. *See Jackson v. State.* 973 S.W.2d 954, 957 (Tex.Cr.App.1998); *Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Cr.App. 1998). The Court of Appeals should have followed those holdings.

The Court's decision to leave unreviewed the erroneous decision of the Court of Appeals not only gives the appellant a new trial which he has not shown he deserves, it also saddles his trial counsel with an unjust finding that he rendered ineffective assistance to his client. To these injustices, I respectfully dissent.