**Alfredo Edison LEON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–01224–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 2000.

Discretionary Review Refused Nov. 1, 2000.

Ken Goode, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Houston, for State.

Panel consists of Justices COHEN, WILSON, and PRICE.*

## OPINION

DAVIE L. WILSON, Justice.

With an agreed recommendation, appellant Alfredo Edison Leon pleaded guilty to possession of a controlled substance weighing more than four grams and less than 200 grams. Consistent with the plea agreement, the court assessed punishment at 10 years imprisonment. We affirm.

## DISCUSSION

In a sole point of error appellant argues that his guilty plea was involuntary because, although he does not understand and speak English, he did not have a sworn interpreter. The plea admonishments form states that appellant understands the Spanish language. The form also states that appellant's counsel explained the admonishments to appellant in Spanish before appellant signed the form. Finally, the form states that appellant consulted fully with his attorney before entering the plea.

Appellant, however, argues that Code of Criminal Procedure article 38.30(a) requires an interpreter be sworn when an accused does not understand and speak English. He argues that having defense counsel translate for a client does not satisfy article 38.30. In support, he cites *Baltierra v. State*, 586 S.W.2d 553 (Tex. Crim.App.1979). We conclude that appel-

---

\* The Honorable Frank C. Price, Jr., former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

lant has waived any complaint under article 38.30 and that *Baltierra* is inapposite.

Article 38.30(a) provides in part: When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him.

TEX.CODE CRIM. P. ANN. art. 38.30(a) (Vernon Supp.2000). Unless the record otherwise demonstrates the defendant's lack of understanding of the proceedings, a defendant who does not request an interpreter waives the right to complain on appeal. *Hernandez v. State*, 986 S.W.2d 817, 822 (Tex.App.—Austin 1999, pet. ref'd).[1]

We do not have a reporter's record of the plea hearing. The admonishments form indicates (1) that counsel explained to appellant the admonishments, the waivers of constitutional rights, the agreement to stipulate, and the judicial confession, (2) that appellant understood the admonishments, and (3) that appellant was aware of the consequences of his plea. The admonishments form states that appellant's plea was freely and voluntarily made. The judgment states that it appeared to the court that appellant understood the consequences of his plea and that appellant's plea was freely and voluntarily made. Absent any showing to the contrary, we assume regularity in the proceedings. *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex.Crim.App.1984).

Appellant contends that, under *Baltierra*, it was not sufficient for counsel to act as an interpreter. In *Briones v. State*, the defendant contended his plea of nolo contendere was not voluntarily and intelligently entered because he did not read, speak, or understand English. 595 S.W.2d 546,

547 (Tex.Crim.App.1980). During the entry of his plea, the trial court engaged in the standard plea colloquy with the defendant, and defendant's counsel translated. *See id.* at 547–48. The court of criminal appeals held that the trial court had not erred in accepting the defendant's plea. *Id.* at 548. The court explained:

The only basis for providing an interpreter is because of the constitutional and statutory guarantee of confrontation under the Constitutions of the United States and of Texas. *Ex parte Marez*, 464 S.W.2d 866 (Tex.Cr.App.1971). However those rights may be waived. *Garcia v. State*, 151 Tex.Cr.R. 593, 210 S.W.2d 574 (1948). The question involved in the case at bar is not whether the failure to appoint an interpreter denied the appellant's right to confrontation. Rather the question is whether the failure to appoint an interpreter prevented the appellant from intelligently and voluntarily waiving his right to confrontation and entering a plea of nolo contendere.

. . . .

This case may be distinguished from those of *Baltierra v. State*, 586 S.W.2d 553 (Tex.Cr.App.1979) and *Ex parte Nanes*, 558 S.W.2d 893 (Tex.Cr.App. 1977). Here the appellant waived his right to confrontation and cross-examination of witnesses. Baltierra and Nanes did not waive their rights to confrontation and cross-examination of the witnesses, and they could not fully exercise those rights because they did not understand the English language; they needed interpreters to help them understand the testimony of the witnesses.

*Id.* at 547–548.

As in *Briones*, the record in the present case indicates appellant was informed of

---

1. The State argues that appellant waived "his right to appeal," when he pleaded guilty and the court sentenced him according to the plea bargain. Appellant, however, is challenging the voluntariness of his plea. This Court has

held that Texas Rule of Appellate Procedure 25.2(b)(3) does not preclude a challenge to the voluntariness of a plea. *Davis v. State*, 7 S.W.3d 695, 697 (Tex.App.—Houston [1st Dist.] 1999, no pet.)

his rights, waived them, and freely and intelligently entered his plea.

We overrule point of error one.

We affirm the judgment.

Justice COHEN concurring.

MURRY B. COHEN, Justice, concurring.

The Court of Criminal Appeals has repeatedly opined that the sole reason to appoint an interpreter is to enable the defendant either to confront witnesses or to waive that right knowingly. *Briones v. State*, 595 S.W.2d 546, 547 (Tex.Crim.App. 1980); *Ex parte Marez*, 464 S.W.2d 866, 867 (Tex.Crim.App.1971); *see also Baltierra v. State*, 586 S.W.2d 553, 557 (Tex.Crim. App.1979). I do not agree that that is the sole reason to appoint an interpreter. An interpreter certainly could be needed for someone like appellant, who, even though he pleaded guilty for an agreed punishment and waived the right to confront witnesses, still needed a translator to understand warnings about the range of punishment and the possibility of deportation, among other things.

In this case, appellant actually benefitted from a deviation from article 38.30. Article 38.30 provides that when "... it is determined that a person charged ... does not understand and speak the English language, an interpreter must be *sworn* to interpret for him." TEX.CODE CRIM. P. ANN. art. 38.30(a) (Vernon Supp. 2000) (emphasis added). In this case, appellant had an interpreter—his own attorney. I believe that provided him *better* communication than if his attorney had not spoken Spanish and an interpreter had been sworn under article 38.30.

Appellant has never claimed he did not understand the proceedings or that his attorney's translation was inadequate. Thus, this is not a case about the lack of, or the adequacy of, an interpreter. Appellant's attorney was his interpreter. Rather, this is a case about the lack of a "sworn" interpreter, as required by article 38.30. Just as appellant did not object about his understanding of the proceedings or his attorney's translation, he did not object that his attorney was not appointed and sworn in to serve simultaneously as an interpreter. It is customary for attorneys, as officers of the court, to be allowed to testify without taking an oath. *See In re Butler*, 987 S.W.2d 221, 225 (Tex.App.— Houston [14th Dist.] 1999, no pet.). Appellant's attorney did so when translating appellant's responses. Case law also holds that a party must object to an attorney's unsworn testimony. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997); *Beck v. State*, 719 S.W.2d 205, 213 (Tex.Crim.App.1986). Appellant did not do so, of course, since he benefitted from his attorney's unsworn translation.

I agree with the result in *Baltierra*, but that case is factually different. Baltierra had both a Spanish-speaking attorney and also an interpreter. 586 S.W.2d at 555–56. The interpreter, while possibly present for at least part of Baltierra's contested trial and punishment hearings, apparently translated only while Baltierra was testifying. *Id.* at 558–59. That was the error that required reversal. The important distinction is that, unlike appellant who pleaded guilty, Baltierra pleaded not guilty and had a contested trial on guilt and punishment. The court was unwilling to hold that Baltierra's attorney, who was busy defending a contested criminal case, had to serve simultaneously as an interpreter. I agree with the unstated, but implicit, conclusion in *Baltierra* that, in a contested case, trial counsel cannot effectively serve simultaneously as a translator. *See id.* at 559 n. 11. In contrast, appellant's attorney could simultaneously serve effectively as a translator because appellant pleaded guilty for an agreed punishment. Neither guilt nor punishment was contested here. Consequently, appellant's attorney was not busy translating while simultaneously listening to evidence and preparing to contest it with cross-examination, direct evidence, legal objection, and argument.

Thus, the factors that reasonably required reversal in *Baltierra* are absent here.

Because appellant has never claimed he could not understand the proceedings and he has waived any complaint that his interpreter/attorney was unsworn, I agree the judgment of the trial court should be affirmed.