Juan Manuel Guerrero v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-217-CR

     JUAN MANUEL GUERRERO,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 23rd District Court
Brazoria County, Texas
Trial Court # 37065
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Juan Manuel Guerrero pleaded guilty without the benefit of a plea agreement to the offense
of possession of cocaine in the amount of 4 grams or more but less than 200 grams with intent to
deliver. The court assessed Guerrero’s punishment at 8 years’ and 6 months’ imprisonment. 
Guerrero argues in his sole issue that the court erred by failing to sua sponte appoint an interpreter
to assist him in the punishment phase.
      In the papers Guerrero signed on January 26, 2000, in connection with his guilty plea, he
wrote, “I went through the 6th grade in Mexico [interlineated] in school, can cannot
[interlineated] read, write and understand the English language.” The court appointed an
interpreter to assist him during the hearing in which he pleaded guilty. At the commencement of
this hearing, the court noted that the interpreter was translating the proceedings for Guerrero. The
record reflects that the interpreter assisted him through the duration of the hearing. Guerrero’s
Spanish-speaking counsel informed the court that Guerrero and he had thoroughly discussed the
merits of his case and that the interpreter and counsel had both reviewed the plea documents with
him.
      At the commencement of the sentencing hearing held on April 13, 2000, the trial court asked
Guerrero’s counsel, “Are you translating all this for me?” His counsel replied that he was. 
Guerrero did not object to this arrangement. No witnesses testified at this hearing.
ARTICLE 38.30
      Article 38.30 of the Code of Criminal Procedure provides in pertinent part:
When a motion for appointment of an interpreter is filed by any party or on motion
of the court, in any criminal proceeding, it is determined that a person charged or a
witness does not understand and speak the English language, an interpreter must be
sworn to interpret for him. Any person may be subpoenaed, attached or recognized in
any criminal action or proceeding, to appear before the proper judge or court to act as
interpreter therein, under the same rules and penalties as are provided for witnesses.

Tex. Code Crim. Proc. Ann. art. 38.30(a) (Vernon Supp. 2003).
      Texas courts have consistently viewed this statute as one which facilitates an accused’s federal
and state constitutional rights of confrontation. Baltierra v. State, 586 S.W.2d 553, 558 (Tex.
Crim. App. 1979); Martins v. State, 52 S.W.3d 459, 469-70 (Tex. App.—Corpus Christi 2001,
no pet.). In Baltierra, the Court construed the right of confrontation to include more than
“[p]hysical presence and competency.” Baltierra, 586 S.W.2d at 556. Quoting Garcia v. State,
151 Tex. Cr. R. 593, 210 S.W.2d 574 (1948), the Court observed:
We know that in this State, especially along the Rio Grande border, our citizenship is
comprised of Latin Americans who speak and understand only the Spanish language. 
These citizens, as well as nationals of the Republic of Mexico (which was the status of
appellant), when brought before the courts of this State charged with crimes against the
laws of this State, are entitled to be tried according to the Constitution and laws of this
State. This, of necessity, means they are entitled to be confronted by the witnesses under
the same conditions as applied to all others. Equal justice so requires. The constitutional
right of confrontation means something more than merely bringing the accused and the
witness face to face; it embodies and carries with the valuable right of cross-examination
of the witness.
 
Unless appellant was in some manner, either through his counsel or an interpreter,
afforded knowledge of the testimony of the witness, the right of cross-examination could
not be exercised by him.

Baltierra, 586 S.W.2d at 557 (quoting Garcia, 151 Tex. Crim. at 601, 210 S.W.2d at 580). The
Court concluded that Baltierra did not waive her “right” to have the proceedings translated by
failing to request that the court interpreter do so. Id. at 559.
      Texas is, of course, more bilingual now than in 1979 (or 1948). And, the discretionary rule
discussed in Baltierra has been replaced with a mandatory statute.


 Tex. Code Crim. Proc. Ann.
art. 38.30. Thus, we need look no further than the statutory directive that an interpreter must be
appointed when the person charged does not understand and speak the English language to decide
whether the court erred in failing to appoint an interpreter. Id.
CAN THE RIGHT TO AN INTERPRETER BE FORFEITED?
      The Court of Criminal Appeals has identified three categories of rights in the Texas legal
system: “(1) absolute requirements and prohibitions; (2) rights of litigants which must be
implemented by the system unless expressly waived; and (3) rights of litigants which are to be
implemented upon request.” Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). 
Only category three rights under Marin can be forfeited by a failure to object or make a timely
request. Id. We conclude that, because the statutory requirement contained in article 38.30 is
designed to ensure that the constitutional rights of confrontation and competency are afforded all
persons charged with a crime by the State of Texas, regardless of national origin, the requirement
that an interpreter be appointed is a category two right—a right that must be implemented by the
system unless expressly waived. See id.
      An accused person can waive his constitutional right of confrontation. See Briones v. State,
595 S.W.2d 546, 548 (Tex. Crim. App. 1980); Leon v. State, 25 S.W.3d 841, 843 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Hernandez v. State, 986 S.W.2d 817, 822 (Tex.
App.—Austin 1999, pet. ref’d); Vaszquez v. State, 819 S.W.2d 932, 937 (Tex. App.—Corpus
Christi 1991, pet. ref’d). Guerrero did so in this case at the time of his guilty plea.
      Conversely, the Due Process requirement that an accused person must be competent to stand
trial constitutes a “nonwaivable, nonforfeitable systemic requirement.” See Marin, 851 S.W.2d
at 279. Thus, courts have held that an accused does not waive the right to an interpreter, even if
he fails to request one, if the record “otherwise demonstrates the defendant’s lack of understanding
of the proceedings.” Leon, 25 S.W.3d at 843; Hernandez, 986 S.W.2d at 822; accord Vaszquez,
819 S.W.2d at 937.
      A waiver must be an “intentional relinquishment or abandonment of a known right or
privilege” to be effective. See Marin, 851 S.W.2d at 279 (quoting Johnson v. Zerbst, 304 U.S.
458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461, 1466 (1938)). Or, as the Supreme Court
observed in Johnson, the waiver must be “intelligent and competent.” Johnson, 304 U.S. at 465,
58 S. Ct. at 1023, 82 L. Ed. at 1467; see also Tex. Code Crim. Proc. Ann. art. 26.13(b)
(Vernon Supp. 2003) (court cannot accept plea “unless it appears that the defendant is mentally
competent”). How can one who does not understand and speak English “intelligently and
competently” waive rights couched in that language?
      Accordingly, we conclude that, when the record affirmatively demonstrates that the accused
does not understand and speak the English language, the right to an interpreter is a category two
right which can be waived only in writing and on the record. Marin, 851 S.W.2d at 280. No
such waiver appears in the record before us. Thus, the court’s decision was not whether to
appoint an interpreter, but who to appoint as interpreter.
CAN ONE’S ATTORNEY ACT AS THE INTERPRETER?
      Article 38.30 provides, in part:
Any person may be subpoenaed, attached, or recognized in any criminal action or proceeding,
to appear before the proper judge or court to act as interpreter therein, under the same rules
and penalties as are provided for witnesses.

Tex. Code Crim. Proc. Ann. art. 38.30. Although we believe that the better practice would be
not to appoint the attorney for the accused, we perceive no reason why the attorney should be
disqualified under the statute. See id. (“any person may be . . . recognized”). Our preference for
the appointment of an independent interpreter is founded in a perception that an inherent conflict
may exist between an attorney’s professional obligation to his client and an interpreter’s duty to
interpret the proceedings fully and fairly. In the context of a trial for example, an
interpreter/attorney’s duty to interpret would unnecessarily distract from his duty to plan and
execute a trial strategy designed to provide zealous representation of the accused.
      Guerrero complains that the trial court did not sua sponte appoint an interpreter at the
punishment phase of the proceedings. During the plea hearing, a court-appointed interpreter
assisted Guerrero by reviewing the pertinent plea documents with his counsel and him and by
translating the proceedings to him. His Spanish-speaking counsel also reviewed the merits of the
case and the pertinent plea documents with him. Guerrero’s counsel confirmed to the court both
verbally and in writing that he had advised Guerrero of his rights. Counsel expressed his belief
that Guerrero was “able to understand the nature and consequences of these proceedings.” The
court verbally admonished Guerrero regarding his right of confrontation. The court signed an
order in which the court found that Guerrero is “able to and does understand the nature and
consequences of these proceedings.”
      Nevertheless, the court, recognizing that Guerrero did not understand and speak the English
language, should have formally appointed an interpreter for the punishment hearing. In failing
to do so, the court erred.
HARM ANALYSIS
      Rule of Appellate Procedure 44.2 provides two standards for reversal, depending on whether
the error in question is “constitutional” or “non-constitutional.” See Tex. R. App. P. 44.2. Our
research has not disclosed a case which determines the appropriate classification for a violation
of article 38.30.
      The Court of Criminal Appeals has held that a violation of article 26.13, which sets out the
admonishments a trial court must provide a defendant who is pleading guilty or nolo contendere,
presents non-constitutional error. See Carranza v. State, 980 S.W.2d 653, 656 (Tex. Crim. App.
1998); accord Raney v. State, 958 S.W.2d 867, 873 (Tex. App.—Waco 1997), pet. dism’d,
improvidently granted, 982 S.W.2d 429 (Tex. Crim. App. 1998). As the Court observed, the
specific admonishments required by article 26.13 are not “constitutionally required” but rather
“aid[ ] the trial court in making the determination that the [defendant’s plea and accompanying
waiver of rights] is both knowing and voluntary,” which is a constitutional requirement. See
Carranza, 980 S.W.2d at 656.
      The purposes of article 38.30 and article 26.13 are similar. Both statutes are designed to
facilitate constitutional requirements. However, we cannot deem their violation a “constitutional”
error merely because they are so designed. Id. Because article 38.30 serves a function similar
to that of article 26.13, we hold that a violation of that statute presents non-constitutional error. 
Id. Accordingly, we apply the harm analysis of Rule of Appellate Procedure 44.2(b). See Tex.
R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); Fowler v. State,
958 S.W.2d 853, 865 (Tex. App.—Waco 1997), aff’d, 991 S.W.2d 258 (Tex. Crim. App. 1999).
      Under Rule 44.2(b), we review the entire record to determine whether the error had more than
a slight influence on the sentence. If we find that it did, we must conclude that the error affected
the defendant's substantial rights in such a way as to require a new punishment hearing. 
Otherwise, we disregard the error. See Flores v. State, 48 S.W.3d 397, 404-05 (Tex.
App.—Waco 2001, pet. ref’d); Fowler, 958 S.W.2d at 865.
      Guerrero’s counsel stated on the record that he was translating the punishment proceedings
to him. Guerrero does not contend on appeal that counsel failed to do so or that counsel’s
translation was otherwise inadequate. No witnesses testified at the punishment hearing. Because
Guerrero pleaded guilty without the benefit of a plea agreement, the trial court possessed the
discretion to assess his punishment at any term of between 5 and 99 years’ imprisonment, or life
imprisonment, and a fine of not more than $10,000. The court assessed his punishment near the
bottom of the available range.
      For the foregoing reasons, we conclude that the court’s error in failing to appoint an
interpreter for Guerrero during his punishment hearing did not affect his “substantial rights.” See
Tex. R. App. P. 44.2(b). Accordingly, we overrule his sole issue.
      We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
      (Justice Gray concurring)
Affirmed
Opinion delivered and filed July 23, 2003
Publish
[CR25]