Opinion issued January 8, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00789-CR




EX PARTE BILQUEES SHAH




On Appeal from County Criminal Court at Law No. 14
 Harris County, Texas
Trial Court Cause No. 1174534




MEMORANDUM OPINION

          Applicant, Bilquees Shah, challenges the order denying her post-conviction
application for writ of habeas corpus, which requested that the trial court grant
applicant a new trial on her previous conviction for misdemeanor theft. We
determine whether the county court erred in denying applicant’s application on the
basis that her guilty plea was involuntary. We affirm.
Background
          Applicant moved to Houston from Pakistan, her native country, sometime in
March 1992. On April 6, 1992, applicant was arrested for shoplifting at a Fiesta
store. Applicant hired Michael Njoku to represent her, and she took a friend with her
to consult with Njoku. On April 13, 1992, applicant pleaded guilty to misdemeanor
theft in county court without an interpreter.


 The trial court assessed punishment at
four days in Harris County Jail, plus a $150 fine and court costs. Applicant filed her
application for writ of habeas corpus on May 20, 2003. The trial court held a hearing
by affidavits and denied relief. 
Guilty Plea
          In her sole point of error, applicant contends that the trial court should have
granted her habeas corpus relief because she did not understand English when she
pleaded guilty.
          This Court must employ “a deferential standard of review of the trial court’s
resolution of the historical facts from conflicting affidavits.” Manzi v. State, 88
S.W.3d 240, 244 (Tex. Crim. App. 2002). In a misdemeanor post-conviction habeas
corpus proceeding, the applicant has the burden of proof, and the standard of proof
is by a preponderance of the evidence. See Meraz v. State, 950 S.W.2d 739, 741
(Tex. App.—El Paso 1997, no pet.). The trial court’s ruling in a habeas proceeding
should not be overturned absent a clear abuse of discretion. See Ex parte Ayers, 921
S.W.2d 438, 440 (Tex. App.—Houston [1st Dist.] 1996, no pet.).
          We do not have a reporter’s record of the plea hearing, and nothing in the
record provided shows that applicant requested an interpreter at the plea hearing. 
Unless the record shows that the defendant failed to understand the proceedings, he
waives the right to complain on appeal that no interpreter was provided. See Leon v.
State, 25 S.W.3d 841, 843 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). 
Applicant argues that the trial court was aware of her inability to speak English
during the plea hearing. Applicant explained in her affidavit that she had apparently
answered “guilty” when the trial court initially asked her name, at which time the trial
court had “looked at [applicant] with a puzzled expression and said, ‘Bilquees
Shah?’” She asserted in her affidavit that she had answered “guilty” to all of the trial
court’s questions because her counsel had whispered the word “guilty” in her ear
when it was appropriate for her to speak. Applicant’s husband also provided an
affidavit stating that applicant did not speak or understand English in 1992. 
Applicant contends that she has thus met her burden of proof and that she is entitled
to a new trial because nothing in Njoku’s sworn affidavit contradicted applicant’s
version of the events at the plea hearing. We disagree.
          Njoku stated in his affidavit that he “conversed directly with [applicant]” and
that “[s]he spoke to [him] in English and indicated that she understood the
implications of a guilty plea that [he] discussed with her” when he met with applicant
prior to the plea hearing. He also asserted in the affidavit that she told him that she
preferred a straight guilty plea because she wanted to dispose of the case as quickly
as possible in order that other people in the community would not find out about the
theft. Although Njoku’s affidavit did not refer specifically to the plea hearing, his
assertions that applicant spoke to him in English and understood the implications of
a guilty plea directly contradict applicant’s contentions that she was unable to speak
or to understand English. In light of the fact that there was conflicting evidence about
whether applicant could speak and understand English, the trial court at the habeas
proceeding could have found that applicant had not needed an interpreter at the plea
hearing. Cf. Oliver v. State, 32 S.W.3d 300, 305 (Tex. App.—San Antonio 2000, pet.
ref’d) (asserting that trial court does not abuse its discretion in overruling a motion
for new trial when faced with conflicting evidence). 
          Even if applicant’s evidence concerning the plea hearing had been
uncontradicted, the trial court would not have been required to take it as true. Cf.
Dusenberry v. State, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet.
ref’d) (holding that, in considering motion for new trial, trial court is not required to
accept as true testimony of accused or any defense witness simply because it was
uncontradicted). Accordingly, nothing in the record shows that the trial court abused
its discretion in denying applicant’s application for writ of habeas corpus.
          We overrule applicant’s sole point of error.
Conclusion
We affirm the order of the trial court denying habeas corpus relief.
 
 
                                                                        Tim Taft
                                                                        Justice
Panel consists of Justices Taft, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).