Affirmed and Memorandum Opinion filed May 27, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

 NO. 14-08-00668-CR

 NO.
14-08-00669-CR

 

Florencio Quintanilla, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 178th District Court

Harris County,
Texas



Trial Court Cause Nos. 0655145 & 0679764

 



 

 

MEMORANDUM OPINION

Appellant
Florencio Quintanilla pleaded guilty to the felony offenses of possession of
marijuana and bail jumping.  Following a pre-sentence investigation (PSI)
hearing, the trial court assessed punishment at twenty years’ confinement for
the marijuana possession and ten years’ confinement for the bail jumping.  In two
issues, appellant contends the trial court erred when it (1) failed to properly
advise him of the possible deportation consequences of his guilty plea and (2)
accepted his guilty plea without sufficient evidence to substantiate
appellant’s guilt.  We affirm.

I.                  
BACKGROUND

On February 11, 1993, appellant was indicted in cause
number 655145 for the felony offense of possession of more than two hundred and
less than two thousand pounds of marijuana.[1] 
On November 12, 1993, after he failed to appear for a court date related to the
possession charge, appellant was indicted in cause number 679764 for the felony
offense of bail jumping.[2]

In September 2007, appellant
was arrested for assault.[3] 
On March 14, 2008, he pleaded guilty to the marijuana possession and bail jumping
charges without an agreed sentencing recommendation from the State.  Following
the completion of a PSI report, the trial court conducted a hearing on May 27,
2008.  At the conclusion of the hearing, the court found appellant guilty of
the charged offenses and assessed his punishment at twenty years’ confinement
for the possession charge and ten years’ confinement for the bail jumping
charge, with the sentences to run concurrently.  Appellant filed a motion for
new trial in both cases which the trial court subsequently denied.

II. ANALYSIS

A.               
Failure to Admonish Regarding Possible Deportation

In his first issue,
appellant contends the trial court failed to properly admonish him in
compliance with article 26.13 of the Texas Code of Criminal Procedure. 
Specifically, he argues that there is no evidence in the record showing that
the trial court admonished him regarding the possible deportation consequences
of his guilty plea.

When reviewing a claim that an appellant was not
fully admonished before entering a guilty plea, we determine whether the record
discloses that the plea was a voluntary and intelligent choice among the
available alternative courses of action.  See Brown v. State, 896 S.W.2d
327, 328 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d).  Article 26.13 of
the Texas Code of Criminal Procedure provides, in relevant part:

(a) Prior to accepting a plea of guilty or a plea of nolo
contendere, the court shall admonish the defendant of:

. .
. .

(4) the fact that if the
defendant is not a citizen of the United States of America, a plea of guilty or
nolo contendere for the offense charged may result in deportation, the
exclusion from admission to this country, or the denial of naturalization under
federal law;

. .
. .

(c) In admonishing the defendant as herein provided,
substantial compliance by the court is sufficient, unless the defendant
affirmatively shows that he was not aware of the consequences of his plea and
that he was misled or harmed by the admonishment of the court.

(d) The court may make the admonitions required by this
article either orally or in writing.  If the court makes the admonitions in
writing, it must receive a statement signed by the defendant and the
defendant's attorney that he understands the admonitions and is aware of the
consequences of his plea.  If the defendant is unable or refuses to sign the
statement, the court shall make the admonitions orally.

Tex.
Code Crim. Proc. art. 26.13 (Vernon 2008).

The record reflects that appellant is not a United
States citizen.  Thus, appellant was entitled to admonishments regarding the
possible deportation consequences of his guilty plea.  Appellant argues that there
is no evidence in the record showing that the trial court admonished him, in either
Spanish or English, of the possibility of deportation.  Contrary to appellant’s
contention, the record reflects that the trial court admonished appellant in
writing in both the marijuana possession case and the bail jumping case.  See
Tex. Code Crim. Proc. art.
26.13(d) (“The court may make the admonitions required by this article either
orally or in writing.”).  Paragraph six of the admonishments form, which was
initialed and signed by appellant, states as follows: “[I]f you are not a
citizen of the United States of America, a plea of guilty or nolo contendere
for the offense with which you are charged in this case may result in your
deportation, or your exclusion from admission to this country, or your denial
of naturalization under federal law.” Paragraph eleven of the section entitled
“Statements and Waivers of Defendant,” also initialed by appellant, states as
follows:

I read and write/understand the Spanish language; the
foregoing Admonishments, Statements, and Waivers as well as the attached
written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession, were read by me or were read to me and explained to me in that
language by my attorney and/or an interpreter, namely ______________, before I
signed them, and I consulted fully with my attorney before entering this plea
….

Further, as required by
subsection (d), the defendant and his attorney signed the document below the
final paragraph which reads, in part, “Joined by my counsel, I state that I
understand the foregoing admonishments and I am aware of the consequences of my
plea….”  See id. (“If the court makes the admonitions in writing, it
must receive a statement signed by the defendant and the defendant's attorney
that he understands the admonitions and is aware of the consequences of his
plea.”)

In Leon v. State, the court found these same statements
to be sufficient evidence that the appellant had freely and voluntarily entered
his plea.  See Leon, 25 S.W.3d 841, 843–44 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d).  In that case, the plea admonishments form stated
that (1) the appellant understood the Spanish language, (2) the appellant’s
counsel explained the admonishments to the appellant in Spanish before he
signed the form, and (3) the appellant consulted fully with his attorney before
entering his plea.  See id. at 842.  The form also indicated that (1)
the appellant’s counsel explained to him the admonishments, the waivers of
constitutional rights, the agreement to stipulate, and the judicial confession,
(2) the appellant understood the admonishments, and (3) the appellant was aware
of the consequences of his plea.  See id. at 843.  The Leon court
concluded that “the record in the present case indicates appellant was informed
of his rights, waived them, and freely and intelligently entered his plea.”  Id.
at 843–44.

Appellant also asserts that paragraph eleven shows that
he reads and understands only Spanish but that there is no evidence that the
admonitions were translated into Spanish. [4] 
This is so, he argues, because there is no interpreter named in paragraph eleven. 
However, paragraph eleven does not require an interpreter to read and explain
the documents in question to a defendant; rather, it provides that the
documents can be read and explained to a defendant by either his
attorney or an interpreter.  By initialing and signing the admonishments
form, appellant acknowledged that his attorney had read and explained the
admonishments to him in Spanish.  See Rivera v. State, 981 S.W.2d 336,
338 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (noting trial court does not
err by failing to appoint interpreter where defendant’s counsel is capable of
interpreting for defendant).[5]

We conclude that the trial court properly admonished
appellant as required under article 26.13 of the Texas Code of Criminal
Procedure.  Issue one is overruled.

B.     Sufficiency
of the Evidence to Support Guilty Plea

In his second issue, appellant contends the trial
court erred when it accepted his guilty plea without sufficient evidence to
substantiate his guilt.  He argues that the record is devoid of any evidence of
his guilt for the offenses with which he was charged.

A plea of guilty does not authorize a felony
conviction unless there is sufficient evidence to support such a plea and the
judgment to be entered.  See Tex.
Code Crim. Proc. art. 1.15 (Vernon 2008); Dinnery v. State, 592
S.W.2d 343, 351 (Tex. Crim. App. 1980) (op. on reh’g).  The State must
introduce sufficient evidence to support the conviction.  Tex. Code Crim. Proc. art. 1.15.  One
way in which the State may satisfy its burden of proof is with a judicial
confession.  Brink v. State, 78 S.W.3d 478, 484 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d).  “It is well settled that a judicial confession,
standing alone, is sufficient to sustain a conviction upon a guilty plea.”  Dinnery,
592 S.W.3d at 353.  The evidence is sufficient under article 1.15 if it
embraces every essential element of the offense charged and establishes the
defendant’s guilt.  See Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App.
1996).

On March 14, 2008,
appellant signed a “Waiver of Constitutional Rights, Agreement to Stipulate,
and Judicial Confession” in both the marijuana possession and bail jumping
cases.  In both documents, he stipulated to the evidence and confessed to each
element of the offense alleged in the indictment.  The documents were also
signed by appellant’s attorney, the State’s attorney, and the judge.  Appellant’s
judicial confessions satisfy each element of the felony offenses with which he
was charged and comply with article 1.15 in all respects.[6]  Therefore, we
find sufficient evidence in the record to support appellant’s convictions.  See
Palacios v. State, 942 S.W.2d 748, 750 (Tex. App.—Houston [14th Dist.]
1997, pet. ref’d) (“[W]here the record indicates a judicial confession and
agreement to stipulate evidence were filed and approved by the trial court and
relied upon by the court in its acceptance of the defendant’s plea, those
documents constitute sufficient evidence to sustain the plea whether properly
introduced into evidence or not.”).  Appellant’s second issue is overruled.

CONCLUSION

We affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Appellate case number
14-08-00668-CR.





[2] Appellate case number 14-08-00669-CR.





[3] Appellant was charged
with assaulting the mother of his youngest child with whom he was living at the
time of his arrest. 





[4]
We note that on the document entitled “Advice of
Defendant’s Right to Appeal,” appellant checked and initialed the box
indicating that he spoke English and signed the document on the same day that
he signed the admonishments.





[5]
Appellant also contends that the initials next
to paragraph six are in reverse order—“QF” instead of “FQ”—and, thus, do not
demonstrate that he initialed the paragraph or that he was otherwise properly
admonished regarding the risk of deportation.  Appellant’s argument is without
merit.  As noted above, appellant’s signature appears at the end of the
document following the final paragraph which reads, in part, “Joined by my
counsel, I state that I understand the foregoing admonishments and I am aware
of the consequences of my plea….”  In addition, appellant initialed each and
every paragraph “QF” and signed the document as “Quintanilla f,” none of which
he challenges on appeal.

 





[6] Appellant also complains that the evidence was
insufficient to support his guilty plea because the State’s attorney “merely
asked the Court to take notice of everything” in its file at the hearing but
did not introduce any witnesses or exhibits.  The court’s file included the
contents of the clerk’s records containing appellant’s judicial confession.  As
noted above, appellant’s judicial confessions and agreements to stipulate to
evidence were, alone, sufficient evidence to sustain his guilty pleas.  See
Dinnery, 592 S.W.2d at 353.