

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHRIS SANCHEZ, | § | No. 08-11-00074-CR |
| Appellant, | § | Appeal from the |
| v. | § | 41st Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20090D01202) |
| | § | |

**O P I N I O N**

Chris Sanchez appeals the trial court's judgment convicting him of murdering Leah Leggett and sentencing him to life imprisonment. In two issues, Sanchez argues that the trial court erroneously admitted evidence of extraneous offenses and bad acts and that his trial counsel provided ineffective assistance. Concluding that neither issue has merit, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Sanchez and Leggett had a tumultuous relationship. Leggett's neighbor, Blanca Rosales, testified that two months before Leggett's death, Leggett struck Rosales's wall with a car. According to Rosales, Leggett divulged that she had been trying to get away from Sanchez because he was angry and that she had made a mistake being involved with him because he treated her badly and always accused her of cheating. El Paso Police Department Officers Arturo

Sinclair and Sean Shelton testified that they responded to a domestic disturbance call involving Sanchez and Leggett approximately one month before Leggett's death. According to Officer Sinclair, Leggett had dried blood on her lip and accused Sanchez of beating her up. According to Officer Shelton, Sanchez was intoxicated and claimed that Leggett struck him with an object and that she also bit him.[1] The officers photographed Leggett's and Sanchez's injuries and the photographs were admitted into evidence without objection. The trial court overruled defense counsel's hearsay objections to the portions of Rosales's and Officer Sinclair's testimony imparting what Leggett had told each of them.

## ERROR PRESERVATION

In his first issue, Sanchez argues that the trial court erred by admitting, over his hearsay objections, evidence of extraneous conduct and bad acts because it was irrelevant and more prejudicial than probative. The State contends that Sanchez failed to preserve this issue for appellate review because the basis of his complaint on appeal vary from the basis of his complaint at trial. We agree.

### *Applicable Law*

To preserve error for appellate review, a party must object with sufficient specificity to make the trial court aware of the complaint and its basis and obtain a ruling on the objection. TEX.R.APP.P. 33.1; *Gutierrez v. State*, 36 S.W.3d 509, 511 (Tex.Crim.App. 2001). But when the issue on appeal does not correspond to the objection made at trial, the appellant has failed to preserve error. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009); *Hennings v. State*, 343 S.W.3d 433, 441 (Tex.App.--El Paso 2010, no pet.). A party need not preserve error,

---

[1] Officer Shelton testified that Sanchez initially claimed that Leggett struck him with a cane, but later claimed that Leggett had struck him with a glass cup. Officer Shelton also testified that the purported bite marks were not recent.

however, if the error concerns a fundamental, systemic, or "waiveable-only" right, the violation of which may be raised for the first time on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex.Crim.App. 2009); *Bessey v. State*, 239 S.W.3d 809, 812 (Tex.Crim.App. 2007); *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App. 1993). Unless involving a fundamental, systemic, or "waiveable-only" right, we do not address the merits of unpreserved error. *Id*.

## *Discussion*

The record establishes that Sanchez's issue on appeal does not correspond to his objection at trial. On appeal, Sanchez contends that Rosales's and Officer Sinclair's testimonies made him "out to be a bad character and a big liar" and was therefore inadmissible under Rules of Evidence 403 and 404.[2] Sanchez, however, did not object to their testimony at trial on the grounds he now

---

[2] Contrary to Sanchez's argument, the testimony about which Sanchez complains was admissible under Rules 404(b) and 403. In murder cases, the State is permitted to offer "testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense." TEX.CODE CRIM.PROC.ANN. art. 38.36(a)(West 2005). "[I]n some situations, prior acts of violence between the victim and the accused may be offered to illustrate the nature of the relationship." *Garcia v. State*, 201 S.W.3d 695, 702 (Tex.Crim.App. 2006).

Evidence admitted under Article 38.36 is still subject to Rules of Evidence 404(b) and 403. *Smith v. State*, 5 S.W.3d 673, 679 (Tex.Crim.App. 1999). Under Rule 404(b), "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX.R.EVID. 404(b). However, such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id*. "[I]n cases in which the prior relationship between the victim and the accused is a material issue, illustrating the nature of the relationship may be the purpose for which evidence of prior bad acts will be admissible." *Garcia*, 201 S.W.3d at 703. Rule 403 provides in pertinent part that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." TEX.R.EVID. 403.

"[I]f a defendant makes timely 404(b) or 403 objections, before a trial court can properly admit the evidence under Article 38.36(a), it must first find the non-character conformity purpose for which it is proffered is relevant to a material issue." *Smith*, 5 S.W.3d at 679. "If relevant to a material issue, the trial court must then determine whether the evidence should nevertheless be excluded because its probative value is substantially outweighed by the factors in Rule 403." *Id*.

Here, the turbulent relationship between Sanchez and Leggett educed from the testimony about which Sanchez complains was a material issue for consideration by the jury because it helped illustrate the nature of their relationship and possibly explained that Sanchez was motivated by jealousy. *See*, *e.g.*, *Garcia*, 201 S.W.3d at 703-04 (holding evidence that appellant had previously pushed victim out of vehicle several years before the victim's murder was

3

urges on appeal.   At trial, Sanchez objected to their testimony on the basis of hearsay.   Because the issue on appeal does not correspond to the objection made at trial, nothing has been preserved for our review.   Additionally, because a complaint concerning the admission of extraneous offenses and bad acts is not fundamental error, we need not address it on appeal.   *See Moore v. State*, 935 S.W.2d 124, 130 (Tex.Crim.App. 1996)(holding admission of hearsay not fundamental error); *Smith v. State*, 961 S.W.2d 501, 506 (Tex.App.--San Antonio 1997, no pet.)(holding admission of evidence of extraneous offenses not fundamental error); *Heiman v. State*, 923 S.W.2d 622, 624 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd)(same).   Sanchez's first issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second and final issue, Sanchez contends that his trial counsel was ineffective because he "was substantially prejudiced by the above-mentioned deficiencies in his attorneys' performance at trial."   We disagree.

### *Standard of Review/Applicable Law*

A defendant is entitled to reasonably effective assistance of counsel.   *Strickland v.*

---

admissible under Rule 404(b) to illustrate nature of relationship); *Gipson v. State*, 82 S.W.3d 715, 722-23 (Tex.App.--Waco 2002, no pet.)(holding evidence that appellant committed previous acts of violence against victim was admissible to illustrate nature of relationship).   Because Article 38.36(a) applies and because this is a case "in which the prior relationship between the victim and the accused is a material issue," the testimony at issue was admissible under the "other purposes" prong of Rule 404(b).

The probative value of the witnesses' testimony was not substantially outweighed by the danger of unfair prejudice. *See Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex.Crim.App. 2006)(articulating six factors trial court must balance when undertaking a Rule 403 analysis).   First, the nature of Sanchez's relationship with Leggett before her murder was inherently probative of the circumstances surrounding her death.   *See Garcia*, 201 S.W.3d at 704.   Second, the disputed evidence was needed to demonstrate that relationship.   *Id*.   Third, fourth, and fifth, the disputed evidence, which involved incidents substantially less serious than the murder at issue, cannot be said to have suggested that the jury reached its decision on an improper basis, to have confused or distracted the jury from the main issues, or to have been given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence.   *Id*. Sixth, Sanchez does not argue, and the record does not show, that presentation of the disputed evidence consumed an inordinate amount of time or merely repeated evidence already admitted.   Accordingly, the evidence at issue was admissible under Rule 403.

*Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App. 1983). To establish that his trial counsel provided ineffective assistance, Sanchez must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Davis v. State*, 278 S.W.3d 346, 352 (Tex.Crim.App. 2009); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex.Crim.App. 1999).

In evaluating whether trial counsel's representation fell below the standard of prevailing professional norms, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688-89, 104 S.Ct. at 2064-65. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813-14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740, *quoting Mallett*, 65 S.W.3d at 63. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.*, *quoting Thompson*, 9 S.W.3d at

5

813. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex.Crim.App. 2007).

In evaluating whether there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different, we must be convinced that counsel's errors were so serious that they deprived the appellant of a fair trial; that is, a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In other words, an appellant bears the burden to establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id*. at 697, 104 S.Ct. at 2070.

### *Discussion*

Sanchez has failed to establish that his trial counsel's performance was deficient. Although Sanchez contends that "the above-mentioned deficiencies" by his counsel prejudiced him, he does not identify what those deficiencies are in the argument section of the brief. More importantly, Sanchez does not explain in his argument "why the law stated in the cited authorities is applicable to the facts of the case and why it supports [his] position." *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex.App.--El Paso 2010, no pet.). Sanchez merely posits that his counsel's representation fell below the standard of prevailing professional norms because counsel failed to object to prejudicial evidence or to make a proper objection to preserve error and cites *Raney v. State*, 958 S.W.2d 867 (Tex.App.--Waco 1997), *pet. dism'd, improvidently granted*, 982 S.W.2d 429 (Tex.Crim.App. 1998), in support. While *Raney* notes that counsel's failure to object to

6

inadmissible conduct is ineffective counsel, Sanchez fails to explain how *Raney* applies here given that the record is undeveloped and does not adequately reflect the motives behind trial counsel's actions. The record on appeal simply fails to demonstrate the alleged ineffectiveness. *See Ex parte Varelas*, 45 S.W.3d 627, 632 (Tex.Crim.App. 2001)("However, the bare record does not reveal the nuances of trial strategy. Further, to hold trial counsel's actions (or inaction) ineffective in the instant case would call for speculation and such speculation is beyond the purview of this Court. Rather, because of the strong presumptions that trial counsel's conduct falls within the wide range of reasonable professional assistance and that such conduct might be sound trial strategy, we must conclude, in light of an otherwise silent record, that appellant failed to meet his burden of showing that his trial counsel's assistance was ineffective."). Accordingly, we conclude that Sanchez has not satisfied the *Strickland* test for ineffective assistance. *See Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064-65. Sanchez's second issue is overruled.

## CONCLUSION

Having overruled both of Sanchez's issues, we affirm the trial court's judgment.

March 6, 2013

GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J. (Not Participating)

(Do Not Publish)

7