**Tomas Rodriguez BRIONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63502.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 19, 1980.

Javier L. Correa, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Richard Bax, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated assault on a police officer. The trial judge under the provisions of V.T.C.A. Penal Code, Sec. 12.44 reduced the felony conviction to a misdemeanor and assessed punishment of confinement in the county jail for one year.

Appellant's sole ground of error is that his plea of nolo contendere was not voluntarily and intelligently entered because he only spoke Spanish and did not read, speak, or understand the English language. For the first time in his appeal the appellant contends that an interpreter should have been provided so that he could have understood the proceedings and the plea that he was entering. Appellant's counsel at the time the plea was entered informed the trial court the appellant did not speak English. The trial court requested that appellant's counsel translate the proceedings which counsel did.

The only basis for providing an interpreter is because of the constitutional and statutory guarantee of confrontation under the Constitutions of the United States and of Texas. *Ex parte Marez*, 464 S.W.2d 866 (Tex.Cr.App.1971). However those rights may be waived. *Garcia v. State*, 151 Tex. Cr.R. 593, 210 S.W.2d 574 (1948). The question involved in the case at bar is not whether the failure to appoint an interpreter denied the appellant's right to confrontation. Rather the question is whether the failure to appoint an interpreter prevented the appellant from intelligently and voluntarily waiving his right to confrontation and entering a plea of nolo contendere.

The appellant, during the entry of his plea, with his attorney translating for him, was asked the following by the trial court:

"Q. You have filed with the Court a Waiver of Trial by Jury in Felony Less than Capital. If the court accepts this Waiver, you will have given up the right to trial by a jury and this case will be heard by the Court without a jury. Is this what you want to do, sir?

"A. Yes.

\*      \*      \*      \*      \*      \*

"Q. If the Court accepts this Stipulation, you will have given up certain other rights. You will be giving up your right to have the State bring in witnesses to testify against you, witnesses that you could confront and cross-examine. You would be agreeing that the State can present evidence by the Stipulation of Evidence, by the introduction of affidavits, written statements of witnesses and other documentary evidence; again, evidence that you would not be able to cross-examine. You will be giving up your right against self incrimination because one of the statements you make is a confession in this case.

"Do you understand the rights you have involved in this stipulation, sir?

"A. Yes, your Honor.

"Q. And are you telling the Court that you want to give up those rights and voluntarily enter into this stipulation?

"A. Yes.

\*      \*      \*      \*      \*      \*

"Q. Have you been forced, threatened or coerced in any way into entering this plea, sir?

"A. No, sir.

"Q. Have you been offered or promised anything outside of plea negotiations with the State to entice you to enter this plea?

"A. No, sir.

"Q. Have you been placed in fear in any manner to force you to enter this plea?

"A. No, sir.

"Q. Are you entering this plea voluntarily and of your own free will and accord, sir?

"A. Yes.

\* \* \* \* \* \*

"Q. Do you understand that if the Court accepts your plea of nolo contendere the Court is going to find you guilty?

"A. Yes, sir."

The following questions were asked of the appellant by the prosecutor with appellant's counsel interpreting:

"Q. Do you understand, sir, that you have the right to have 12 people sit in the jury box and decide whether you're guilty or not guilty but by signing this, you're giving up that right?

"A. Yes.

"Q. Is that what you want to do today?

"A. Yes.

\* \* \* \* \* \*

"Q. Do you understand that you have the right to have witnesses brought in, you have the right to confront and cross-examine those witnesses?

"A. Yes.

"Q. All right. You understand that by signing this Stipulation of Evidence you're giving up that right?

"A. Yes."

The Court asked the appellant's attorney the following questions:

"Q. Does he understand the true nature and the consequences of the charge pending against him?

"A. He understands fully, Judge.

"Q. Has he been able to give you a reasonable degree of assistance in the preparation of this case?

"A. He has, Your Honor."

This testimony reflects the efforts that were undertaken by the trial court and the prosecutor to insure that the appellant understood his rights and that he was giving them up. This shows that the appellant was aware of the consequences of his entry of a plea of nolo contendere. The waiver given by the appellant was "an intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed.2d 1461 (1938). An interpreter, other than his attorney, would have added nothing to insure that appellant voluntarily and intelligently waived his right to confrontation and cross-examination of witnesses and entered a plea of nolo contendere.

This case may be distinguished from those of *Baltierra v. State*, 586 S.W.2d 553 (Tex.Cr.App.1979) and *Ex parte Nanes*, 558 S.W.2d 893 (Tex.Cr.App.1977). Here the appellant waived his right to confrontation and cross-examination of witnesses. Baltierra and Nanes did not waive their rights to confrontation and cross-examination of the witnesses, and they could not fully exercise those rights because they did not understand the English language; they needed interpreters to help them understand the testimony of the witnesses.

The trial court did not err in accepting the appellant's plea of nolo contendere which the record shows was voluntarily and intelligently entered even though the appellant may not have understood the English language.

The judgment is affirmed.