# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00109-CR

**Juan Antonio Gonzalez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 48,779, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Juan Antonio Gonzalez was convicted of sexual assault, Tex. Pen. Code Ann. § 22.011(a)(1) (West Supp. 2001), based on his plea of guilty. The district court assessed punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant presents two points of error complaining that: (1) the district court failed to appoint an interpreter at the plea and sentencing hearings, which prevented him from freely and voluntarily waiving his right to confrontation of witnesses and entering a plea of guilty; and (2) his trial counsel failed to provide effective assistance, which prevented him from freely and voluntarily entering a plea of guilty. We will affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant is a forty-year-old United States resident who has lived in this country approximately fifteen years. Although he is illiterate, appellant can speak and understand some English.

On May 10, 1998, a birthday party was held for appellant at his residence. Several people attended, including the victim. During the party, while appellant and the victim were alone, the sexual assault occurred. After the party, the assault was reported to the Bell County Sheriff's Department. On May 14, Wayne McGlothlin, an investigator employed by the sheriff's department, obtained a statement from appellant in which appellant admitted he had sexually assaulted the victim during the birthday party. McGlothlin was aware that appellant was illiterate and that Spanish was his primary language. Accordingly, to accommodate appellant, McGlothlin took the following steps: (1) offered appellant the services of a Spanish-speaking peace officer during the entire interview, which appellant refused; (2) typed appellant's statement as appellant related it to McGlothlin, and then made an audio recording of that portion of the interview during which he read back the typed statement to appellant; and (3) caused Officer T.J. Cruz, a Spanish-speaking officer, to attend that portion of the interview during which McGlothlin read back the typed statement to appellant.

On June 10, a grand jury indicted appellant for sexual assault, and he was subsequently arrested. Appellant retained trial counsel. On November 3, 2000, appellant agreed to waive a jury trial and entered a guilty plea to the charge of sexual assault. Appellant did not have a plea-bargain agreement with the State. The district court accepted the guilty plea, but withheld a finding of guilt and ordered a presentence-investigation report. An interpreter was not present during the plea

2

hearing. Trial counsel verbally requested an interpreter for the sentencing hearing at the completion of the plea hearing, and the district court agreed.

On December 8, the sentencing hearing was held. An interpreter was not present. Appellant's only character witness, his current wife, was unable to testify because she did not speak English. The victim testified. The court then found appellant guilty and sentenced him to five years' confinement.

On January 8, 2001, appellant filed a motion for new trial asserting the same claims presented in this appeal. The district court denied appellant's motion.

## APPOINTMENT OF INTERPRETER

By his first point of error, appellant contends that the district court was required to appoint an interpreter and the court's failure to do so prevented him from freely and voluntarily waiving his right to confront witnesses and enter a plea of guilty. Article 38.30 of the Texas Code of Criminal Procedure provides that in a criminal proceeding, when "it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him." Tex. Code Crim. Proc. Ann. art. 38.30 (West Supp. 2001); *see Baltierra v. State*, 586 S.W.2d 553, 557 (Tex. Crim. App. 1979). Unless the record otherwise demonstrates an accused's lack of understanding of the proceedings, however, an accused who does not request an interpreter waives the right to complain on appeal. *Hernandez v. State*, 986 S.W.2d 817, 822 (Tex. App.—Austin 1999, pet. ref'd). The fact that an accused may be more fluent in Spanish does not, in and of itself, require a district court to appoint an interpreter if the accused demonstrates an ability to understand and speak the English language. *Cantu v. State*, 993 S.W.2d 712, 721 (Tex.

App.—San Antonio 1999, pet. ref'd). Furthermore, at least one or more nonresponsive answers by a defendant in a criminal proceeding is not unusual and does not necessarily establish the need for an interpreter. *See Hernandez*, 986 S.W.2d at 822; *Brazell v. State*, 828 S.W.2d 580, 582 (Tex. App.—Austin 1992, pet. ref'd).

Here, appellant executed a "Waiver of Jury and Agreement to Stipulate Upon a Plea of Guilty" which specifically provided that: (1) appellant understood the elements of the offense charged and the consequences of his guilty plea, including the minimum and maximum punishments; (2) appellant voluntarily waived his right to remain silent and his right to the appearance, confrontation, and examination of witnesses; (3) appellant discussed the facts of the offense with his trial counsel; and (4) appellant's decision to enter a guilty plea was his free and voluntary decision made with knowledge of the facts of the case. Appellant contends that, despite this waiver, his plea was not a free and voluntary decision because he did not sufficiently understand the English language and he was deprived of an interpreter.

The record indicates that appellant stated on several occasions that he was able to understand and speak English. He indicated this to McGlothlin, his trial counsel, the district court, and the person preparing the presentence-investigation report. Furthermore, the record indicates that appellant was able to converse with his trial counsel and the district court in English during the plea hearing. During that hearing, the district court engaged in the standard plea colloquy. *See* Tex. Crim. Proc. Code Ann. art. 26.13 (West 1989 & West Supp. 2001). Appellant clearly indicated when he did not understand, and his trial counsel and the court would stop to clarify the issue for him. At the end of the plea hearing, appellant's trial counsel verbally requested an interpreter for the sentencing

4

hearing, and the district court agreed. Although an interpreter was not present at the sentencing hearing, appellant never made a motion or even a verbal request for an interpreter during the hearing. Again, during the sentencing hearing, appellant was able to converse with his trial counsel, the prosecutor, and the court in English. Although appellant contends that he tried to withdraw his guilty plea at this stage, the record indicates that he was simply confused as to whether penetrating the victim's anus with his fingers without her consent satisfied the elements of "sexual" assault. After the elements of the offense were explained to him by his trial counsel, he clearly indicated he was pleading guilty to the offense charged. Appellant's trial counsel specifically addressed this issue at the sentencing hearing:

> Q: . . . In the probation report it said something about – in the probation report it says that you did not commit sexual assault, but since I have talked to you and I have explained to you and I told you what sexual assault is you realize that [sic] sexual assault; is that right?
>
> A: Yes, sir.
>
> Q: You have no right to put your finger in this woman's anus. Did you, in her colon, okay?
>
> A: Uh-huh.
>
> Q: That's wrong; is that correct?
>
> A. Yes. Yes, sir.

Furthermore, the prosecutor clarified on cross-examination any confusion as to whether appellant understood the actions he was admitting to:

5

Q:  When you said in this presentence report that your lawyer talked about that you didn't think that this was sexual.  Fact of the matter is though, in your statement you, you said and I'll quote what you said, "I told her I wanted something.  She said no."

A:  Yes, sir.

Q:  What did you want?  You wanted sex, didn't you?

A:  Yes, sir.

Q:  And she said no?

A:  Yes, sir.

Q:  Okay.  I pulled her shorts and panties down?

A:  Yes, sir.

Q:  The lady was holding her shorts and was trying not to let me pull them down?

A:  Yes, sir.

Q:  Okay.  You had her shorts pulled down to her knees and you stuck your fingers in her butt, right?

A:  Yes, sir.

Q:  And the only reason you stopped is because Jeffery came looking for her?

A:  Yes, sir.

The previous exchanges between appellant and his trial counsel and the prosecutor do not indicate appellant's inability to understand English.  Rather, the exchanges demonstrate that appellant was simply confused regarding the application of the law to his actions, and the record clearly indicates that this confusion was easily clarified by explanation in English to appellant.

6

The record indicates that appellant was able to understand the proceedings. Although he had previously requested an interpreter at his sentencing hearing, when no interpreter was present at that hearing, he never pursued his request again until his motion for rehearing. Appellant is forty years old and has lived in this country for approximately fifteen years. *See Vasquez v. State*, 819 S.W.2d 932, 937 (Tex. App.—Corpus Christi 1991, pet. ref'd) (where record did not indicate that defendant did not understand English and where defendant did not request interpreter or object to failure to appoint interpreter, court considered fact that defendant was middle-aged man who had resided in South Texas for at least five years in determining that trial court did not err in failing to appoint interpreter). Furthermore, the record provides ample evidence that appellant understood and conversed in the English language reasonably well; the mere fact that he might have been able to express himself better in Spanish did not require the use of an interpreter. *See Vargas v. State*, 627 S.W.2d 785,787 (Tex. App.—San Antonio 1982, no pet.) (holding that where record indicated that defendant understood and communicated in English reasonably well, trial court did not err in denying defendant's request to appoint interpreter simply because he was more fluent in Spanish). The district court did not err in accepting appellant's plea without providing an interpreter. As the court of criminal appeals explained in *Briones v. State*:

> The only basis for providing an interpreter is because of the constitutional and statutory guarantee of confrontation under the Constitutions of the United States and of Texas. *Ex parte Marez*, 464 S.W.2d 866 (Tex.Cr.App.1971). However those rights may be waived. *Garcia v. State*, 151 Tex.Cr.R. 593, 210 S.W.2d 574 (1948). The question involved in the case at bar is not whether the failure to appoint an interpreter denied the appellant's right to confrontation. Rather the question is whether the failure to appoint an interpreter prevented the appellant from intelligently and voluntarily waiving his right to confrontation and entering a plea of nolo contendere.

7

. . . .

This case may be distinguished from those of *Baltierra v. State*, 586 S.W.2d 553 (Tex.Cr.App.1979) and *Ex parte Nanes*, 558 S.W.2d 893 (Tex.Cr.App.1977). Here the appellant waived his right to confrontation and cross-examination of witnesses. Baltierra and Nanes did not waive their rights to confrontation and cross-examination of the witnesses, and they could not fully exercise those rights because they did not understand the English language; they needed interpreters to help them understand the testimony of the witnesses.

*Briones v. State*, 595 S.W.2d 546, 547-48 (Tex. Crim. App. 1980).

As in *Briones*, the record before this Court reflects that the appellant was informed of his rights, waived those rights, and freely and voluntarily entered his plea. Accordingly, we overrule appellant's first point of error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

By his second point of error, appellant contends that he was denied effective assistance of counsel, rendering his plea of guilty involuntary. The district court may not accept a plea of guilty unless it appears to the court that the plea is free and voluntary. Tex. Code Crim. Proc. Ann. art. 26.13(b) (West 1989). The trial judge must determine whether a guilty plea is voluntarily and knowingly given considering the totality of the circumstances surrounding the entry of the guilty plea. *Cantu*, 993 S.W.2d at 716. Written admonitions signed by the defendant and trial counsel and the court reporter's record showing that the defendant orally represented to the court that he understood the admonitions, as occurred in this case, constitute *prima facie* evidence that the plea was voluntary. *See id.* at 717; *Fuentes v. State*, 688 S.W.2d 542, 544 (Tex. Crim App. 1985). On a *prima facie* showing of a voluntary plea, the burden shifts to the defendant to show he entered a plea without

8

knowledge of the consequences. *Cantu*, 993 S.W.2d at 717. To prevail in his ineffective-assistance-of-counsel claim, appellant must prove by a preponderance of the evidence that: (1) his trial counsel's performance was deficient; and (2) the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772-74 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). The standard for evaluating the effectiveness of counsel required by *Strickland* is equally applicable to a claim of ineffective assistance of counsel arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). The voluntariness of the plea is contingent on: (1) whether trial counsel's advice was within the range of competence required of attorneys in criminal cases; and (2) if not, whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Cantu*, 933 S.W.2d at 717; *Hill*, 474 U.S. at 59; *Strickland*, 466 U.S. at 687.

The review of a trial counsel's representation on an ineffective-assistance challenge is highly deferential to the counsel's professional judgment. *Strickland*, 466 U.S. at 689. In meeting the first prong of the *Strickland* test, appellant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. He must identify the acts or omissions of counsel that are not the result of reasonable professional judgment. *Id*. at 690. He must then show, in light of all the circumstances, that the identified acts or omissions were outside the wide range of professionally competent assistance. *Id*. To meet the second prong of the test, appellant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional

9

errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.*

Appellant identifies seven acts and omissions of his counsel that he contends constitute ineffective assistance.

## 1. *Failure to conduct independent investigation*

An attorney representing a criminal defendant is required to make an independent investigation into the facts of the case. *McFarland v. State*, 928 S.W.2d 482, 501 ( Tex. Crim. App. 1996). This requirement includes the duty to investigate and interview potential witnesses. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The duty to conduct an investigation, however, is not absolute. *McFarland*, 928 S.W.2d at 501. Rather, trial counsel has the duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* (citing *Strickland*, 466 U.S. at 691). A trial counsel's decision not to investigate or to limit the scope of an investigation is evaluated by the court with considerable deference to the trial counsel's judgment; the court considers the reasonableness of the counsel's decision in light of the totality of the circumstances. *Id.*

Appellant contends that his trial counsel was deficient in failing to investigate the facts of his case. To determine whether this error prejudiced the appellant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of evidence would have led counsel to change his recommendation as to appellant's plea. *Hill*, 474 U.S. at 59. Appellant must show that witnesses were available and that he would have benefitted from their testimony. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). In this case, however, appellant had already provided a

10

written statement to the police in which he admitted that he penetrated the victim's anus with his fingers without her consent. In light of this statement, it is unlikely that the witnesses that he identified in his motion for new trial would have been of any benefit to him. There is no indication that any new or helpful information would have been acquired or that the failure to interview these witnesses in any way limited or interfered with his defense.

Although appellant's trial counsel may not have engaged in a vigorous investigation, appellant has failed to satisfy, if not the deficiency prong of the *Strickland* test, certainly the prejudice prong. *See Cantu*, 993 S.W.2d at 721. Appellant has not demonstrated a reasonable probability that had counsel independently investigated, the result of the proceeding would have been different.

## 2. *Failure to challenge voluntariness of appellant's statement*

Appellant contends that his trial counsel was deficient in failing to challenge the voluntariness of his statement to the police. The record in this case, however, clearly indicates that appellant's statement was voluntarily given. The testimony of McGlothlin and Cruz indicates that appellant understood the statement he provided and that he admitted to the actions he engaged in with regard to the victim. Appellant contends his statement was not voluntary because he has limited ability to understand and speak English. We have considered and overruled this point previously. Furthermore, we note that appellant has never affirmatively denied the substance of his statement to police. Although he did contend at one point that he attempted to withdraw his guilty plea, this was merely confusion as to what constituted the elements of the offense of sexual assault. Upon clarification, appellant readily admitted to his actions and confirmed the substance of his statement.

## 3. *Failure to request and obtain an interpreter*

11

Appellant's contention in this regard is simply a reiteration of the arguments presented in his first point of error, which we have overruled.

## 4. *Inducement of appellant's guilty plea*

Appellant contends that his trial counsel was deficient in that counsel provided incorrect advice that induced him to plead guilty. In support of this argument, appellant points to his alleged attempt to withdraw his guilty plea at the sentencing hearing. As previously indicated, the record clearly indicates that appellant was simply confused as to whether his actions with regard to the victim satisfied the elements of sexual assault. After the elements of the offense were explained to him, he clearly indicated he was pleading guilty to the offense charged.

## 5. *Failure to explain the charges*

Appellant contends that his trial counsel failed to explain to him the nature of the offense charged in the indictment before he entered his guilty plea. Appellant contends that he only became aware of the nature of the charges against him during his interview with the person preparing the presentence-investigation report. Appellant contends that it was only after that interview that his trial counsel explained the charge of sexual assault. Trial counsel testified that he and appellant did discuss the nature of the charges against appellant before he entered his guilty plea. In addition, the "Waiver of Jury and Agreement to Stipulate Upon a Plea of Guilty" specifically provided that appellant understood the elements of the offense charged, that he discussed the facts of the offense with his trial counsel, and that his decision to enter a guilty plea was his free and voluntary decision made with knowledge of the facts of the case. Furthermore, appellant did not testify to the contrary

12

at his hearing on the motion for new trial. Even if we assume trial counsel failed to explain to appellant the nature of the offense charged in the indictment before the he entered his guilty plea, appellant has failed to satisfy the prejudice prong of the *Strickland* test. Appellant has not demonstrated a reasonable probability that had counsel explained to him the nature of the offense charged in the indictment before he entered his guilty plea, the result of the proceeding would have been different.

### 6. *Failure to present mitigating evidence*

Appellant contends that trial counsel failed to present mitigating evidence. In support of this argument, appellant reiterates several arguments previously asserted and overruled. Furthermore, appellant's confession to police left little room for trial counsel to present any mitigating circumstances. The only "mitigating" evidence we can discern from appellant's brief is that he had been drinking at the time of the offense. Testimony was offered into the record regarding this fact even though, under Texas law, voluntary intoxication may only be considered a mitigating factor if it rose to the level of temporary insanity. Tex. Pen. Code Ann. § 8.04(a) (West 1994). This claim has never been asserted by appellant.

### 7. *Failure to assist in pursuing motion for new trial*

Appellant contends his trial counsel was deficient in failing to assist him in pursuing his motion for new trial. In light of our previous holdings, this argument has no merit.

We overrule appellant's second point of error.

**CONCLUSION**

13

We affirm the district court's judgment of conviction.

_____

_

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   December 13, 2001

Do Not Publish