MEMORANDUM OPINION


No. 04-03-00349-CV


IN THE MATTER OF S.R.M.


From the County Court at Law No. 1, Webb County, Texas 

Trial Court No. 2002-JV3-000381-L1

Honorable Alvino (Ben) Morales, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: December 3, 2003


AFFIRMED



 This is an appeal from the trial court's disposition in a juvenile matter, sentencing appellant to
confinement with Texas Youth Commission. Because all issues of law are settled, our opinion only advises
the parties of the court's decision and the basic reasons for it. See Tex. R. App. P. 47.4. We affirm.

RIGHT OF CONFRONTATION

 In his first issue, appellant complains the trial court violated his constitutional right to confront the
probation officer who testified at the disposition hearing. 

 During the hearing, the court asked the probation officer for a recommendation, and the officer
replied, "TYC was the recommendation as still stated on the PDR." The court then asked for the
predisposition report. Appellant's counsel stated "I would object to the introduction of [the] predisposition
report. I'd like question and answer format, your honor." Counsel did not obtain a ruling on her objection.
At no time did appellant's counsel ask to question the probation officer or present other witnesses. At the
conclusion of the hearing, the trial court asked appellant's counsel "Anything else?" Counsel replied, "No."
The court then ordered appellant committed to the Texas Youth Commission and recited its reasons
pursuant to Texas Family Code section 54.04. See Tex. Fam. Code Ann. § 54.04(f), (I) (Vernon 2002).
Only at this point did appellant's counsel state, "Just for the record . . . I did not have the right to cross
examine the probation officer." Appellant's counsel did not state her objection was based on a violation
of appellant's constitutional right to confront witnesses against him. Nor did counsel preserve in a bill of
exception what questions or information she sought to explore on cross-examination. See Tex. R. App.
P. 33.2. Accordingly, appellant has not preserved this complaint for our review. See Briones v. State, 595
S.W.2d 546, 547 (Tex. Crim. App. 1980) (constitutional right of confrontation can be waived). 

DISPOSITION ORDER

 In his second issue, appellant asserts the trial court's disposition is not supported by legally or
factually sufficient evidence because the probation officer's testimony was conclusory and no other
evidence was offered to support the trial court's findings. We review a trial court's disposition order under
an abuse of discretion standard.  See In the Matter of K.T., 107 S.W.3d 65, 75 (Tex. App.--San
Antonio 2003, no pet.).

 Here, in addition to the probation officer's recommendation, the trial court also considered the
predisposition report, which stated that (1) appellant continued to defy his probation officer's warnings to
refrain from drug use; (2) he has been referred to the juvenile department on nine occasions, five of which
were for felony offenses; (3) his mother has a good relationship with her son, but claims he is in need of
constant supervision; (4) his mother has been convicted of an offense and will be confined for several
weeks; and (5) appellant recently has been in violation of his probation concerning curfew, drug tests,
community service assignments, and reporting. On this record, appellant has not demonstrated the trial
court abused its discretion in committing him to the Texas Youth Commission.

CONCLUSION

 We overrule appellant's issues on appeal and affirm the trial court's judgment.


 Sandee Bryan Marion, Justice