Affirmed and Memorandum Opinion filed September 20, 2007








Affirmed and Memorandum Opinion filed September 20, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00457-CR

____________

 

MARCELO REQUENA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1038139

 



 

M E M O R A N D U M   O P I N I O N








Appellant Marcelo Requena pleaded guilty to the felony
offense of sexual assault of a child and was sentenced by the trial court to
twelve years= confinement in the Texas Department of Corrections,
Institutional Division.  Because he alleges he neither speaks nor understands
English, appellant challenges his guilty plea on four grounds: (1) the evidence
is legally insufficient to support the trial court=s finding that he
understood the charged offense and the range of punishment; (2) the trial court
erred by failing to appoint an interpreter; (3) the trial court=s failure to
appoint an interpreter violated his constitutional and statutory rights; and
(4) he received ineffective assistance of counsel.  We affirm.

I.  Factual and Procedural Background

On November 10, 2005, the trial court accepted appellant=s AWaiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession@ (the Ajudicial
confession@), which had been signed by appellant, his trial
counsel, and the State, and in which appellant confessed to each element of the
felony offense of sexual assault of a child.  On the same day, appellant also
signed and initialed a written admonishments and waiver form (the Aadmonishments@),[1]
which was also approved by his defense counsel, the State, and the presiding
judge.  On February 24, 2006, after a hearing, the trial court sentenced
appellant to twelve years= confinement in the Texas Department of
Criminal Justice, Institutional Division.  








Appellant filed a motion for new trial on March 7, 2006. 
In this motion, appellant alleged that his attorney, Brent Wasserstein, does
not speak Spanish and appellant only speaks Spanish.  According to the motion,
Wasserstein used one of his employees, Gema Cantu, as an interpreter. 
Appellant argued that Wasserstein instructed him to plead guilty and that he
believed, based on his counsel=s representations, that he would receive
probation.  In this motion, he asserted that the admonishments form was not
explained to him and that he was simply instructed to Asign here@ at the designated
areas.  He also asserted that Cantu was not competent to act as an interpreter
or translator and attached affidavits from his niece and son in support.  He
asserted as grounds for a new trial that he was denied the effective assistance
of counsel; his interpreter was incompetent; his right to confrontation was violated;
there was a lack of evidence that he knowingly entered a guilty plea; and that
his trial counsel impeded his right to file a motion for new trial. 

On May 8, 2006, the trial court conducted a hearing on
appellant=s motion for new trial.  After hearing testimony from
several witnesses, including appellant, and reviewing several affidavits, the
trial court denied the motion.  This appeal timely followed.

II.  Issues Presented

In his first three issues, appellant challenges the
voluntariness of his plea based on his inability to speak English and the trial
court=s failure to
appoint an interpreter.  Appellant argues in his final issue that he received
ineffective assistance of counsel.  

III.  Discussion

A.      Voluntariness
of Appellant=s Plea








In his first issue, appellant challenges the sufficiency of
the evidence supporting the trial court=s finding that he
understood the nature of and punishment range for the offense of sexual assault
of a child.[2] 
In his second issue, appellant argues that the record establishes the trial
court was aware of his inability to speak, read, or write English and, thus,
the court had a duty to appoint an interpreter.  Appellant asserts in his third
issue that the trial court=s failure to appoint an interpreter
resulted in a violation of his United States Constitutional rights and the
Texas Code of Criminal Procedure.[3]  


As a preliminary matter, we note that appellant=s argument is
premised on the reasoning of Garcia v. State, 149 S.W.3d 135, 143 (Tex.
Crim. App. 2004).  However, the defendant in Garcia did not enter a
guilty plea or waive any of his constitutional rights; instead the defendant
there pleaded not guilty and exercised his right to a trial by jury.  See
id.   AIn these circumstances, the judge has an independent
duty to implement [the right to have an interpreter] in the absence of a
knowing and voluntary waiver by the defendant.@  Id. at
145.  

In contrast, here appellant signed a judicial confession,
waiving his right to a jury trial and confrontation of witnesses against him
and confessing to the specific elements of the offense.[4] 
He likewise signed the admonishments and initialed the following paragraph:

I read and write/understand the
Spanish language; the foregoing Admonishments, Statements, and waivers as well
as the attached written Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession, were read by me or were read to me and
explained to me in that language by my attorney and/or an interpreter, namely Gema
Cantu, before I signed them, and I consulted fully with my attorney before
entering this plea[.]

 








Thus,
we conclude that appellant=s reliance on Garcia is
inapposite.  

Instead, the facts of this case are similar to those in Briones
v. State, a case cited by the Garcia Court.  See id. at 143 
(citing and distinguishing Briones v. State, 595 S.W.2d 566 (Tex. Crim.
App. 1980)).  In Briones, as here, the Court was confronted with an
appellant who claimed his plea was not voluntarily and intelligently entered
because he only spoke Spanish and did not read, speak, or understand the
English language.  Briones v. State, 595 S.W.2d 546, 547 (Tex. Crim.
App. 1980).  There, the Court stated:

The only basis for providing an
interpreter is because of the constitutional and statutory guarantee of
confrontation under the Constitutions of the United States and of Texas. 
However those rights may be waived.  The question involved in the case at bar
is not whether the failure to appoint an interpreter denied the appellant=s right to confrontation. Rather
the question is whether the failure to appoint an interpreter prevented the
appellant from intelligently and voluntarily waiving his right to confrontation
and entering a plea of nolo contendere. 

 

Id. at 547 (citations
omitted); see also Leon v. State, 25 S.W.3d 841, 843B44 (Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d).  We therefore interpret appellant=s first three
issues as a challenge to the voluntariness of his plea and consider whether the
alleged lack of a qualified interpreter prevented appellant from intelligently
and voluntarily waiving his rights and entering a guilty plea.

When an appellant challenges the voluntariness of his
guilty plea, we examine the entire record.  Houston v. State, 201 S.W.3d
212, 217 (Tex. App.CHouston [14th Dist.]  2006, no pet.). A
defendant who attests during an initial plea hearing that his plea is voluntary
bears a Aheavy burden@ to later
establish that he entered the plea involuntarily.  Id.  Further, where,
as here, a defendant waives his right to have a court reporter record the
proceedings and, thereafter, challenges on appeal the voluntariness of his
plea, he nevertheless retains his burden to ensure a sufficient record is
presented on appeal to establish error.  Id. at 218.  








Here, appellant acknowledged in writing that he understood
the admonishments, was aware of the consequences of his plea, and made his plea
freely and voluntarily.  He and his trial attorney signed both his judicial
confession and the admonishments form, as did the prosecutor and the trial
judge.  We do not have a reporter=s record from
either appellant=s November 2005 plea hearing or his
punishment hearing in February 2006.[5] 
Later, at the hearing on his motion for new trial, appellant again indicated
that, prior to pleading guilty, he understood that the trial court could
sentence him to twenty years imprisonment:

[defense counsel]: The Judge called your case.  What did he tell you?

[appellant]: Okay.  He told me why B he told me like this: You know your attorney B no wait.  First he said you know
the father of the kid, they [sic] want to sentence you to 25 years. 

[defense counsel]: Is that in November [at the plea hearing], Mr.
Requena?

[appellant]: Exactly.

[defense counsel]: That was not in February [at the punishment
hearing]?  That was in November?

[appellant]: Yes, that was the first one in November.  That=s when my attorney asked the Judge
that he judge me and not to be judged B how do you call it B excuse me, I forgot.  Not to go to trial.

[defense counsel]: How do you know that=s what he asked the Judge to do []?

[appellant]: That I all understood.

[defense counsel]: How did you understand it?

[appellant]: Because Gema [Cantu] would tell me, and to the side I
also understood.  Yes.

[defense counsel]: What else was said for [sic] the Judge?

[appellant]: He said that did you know that I also could give you 20
years and I said, Ayes.@  Well, that=s what I understood.

[defense counsel]: I thought you had said 25 years?








[appellant]: No, the Judge told me
that the parents were saying of the child, that they were asking for 25 years.

 

(Emphasis
added.)  In addition, the following exchange occurred between appellant and the
prosecutor:

[prosecutor]: You pled
guilty to the judge, right?

[appellant]: Yes.

[prosecutor]: And he
told you the range of punishment, right?

[appellant]: Correct.

[prosecutor]: And you
understood those things, right?

[appellant]: Yes

 

Although
appellant stated he did not understand the specific terms Aadmonishments@ and Astipulate,@ the record from
this hearing reflects that appellant understood the potential consequences of
his guilty plea.  Moreover, at this hearing, appellant agreed that he had
admitted to violating the law and that he was guilty of having sex with a
minor.[6]









After reviewing the record, we conclude that appellant has
not overcome his Aheavy burden@ to establish that
his plea was not entered into voluntarily.  See id.  In fact, appellant=s testimony at the
hearing on his motion for new trial indicated that he understood the
consequences of his plea, and that his dissatisfaction resulted from the sentence
imposed upon him rather than from any lack of understanding of the offense or
range of punishment.[7] 
But a guilty plea is not involuntary simply because the defendant=s sentence exceeds
that he expected, even if his sentencing expectation was raised by his
attorney.  Id. at 217B18.  Because our record indicates
appellant knowingly and voluntarily waived his rights to confrontation and a
jury trial and entered his guilty plea, we overrule appellant=s first three
issues.

C.      Ineffective
Assistance of Counsel

In his fourth and final issue, appellant asserts that he
received ineffective assistance of counsel because his trial counsel failed to
communicate with him through a competent interpreter.  Although he lays out
several factors that he contends establish a lack of communication with his
trial counsel, he fails to cite any legal authority whatsoever in support of
this issue.  Indeed, he does not provide legal authority or recite the elements
he must establish to succeed on an ineffective assistance claim.  Therefore,
this complaint is inadequately briefed and is waived.  Tex. R. App. P. 38.1(h); Cardenas v. State, 30 S.W.3d
384, 393 (Tex. Crim. App. 2000) (en banc) (determining appellant waived
appellate review by failing to include argument and authorities).  But even if
we consider this complaint, appellant has not established he received ineffective
assistance of counsel. 

Where, as here, an appellant alleges ineffective assistance
of counsel in a motion for new trial, we must consider whether the trial court=s determination of
the ineffective assistance claim and denial of the motion for new trial were
clearly wrong and outside the zone of reasonable disagreement.  Anderson v.
State, 193 S.W.3d 34, 39 (Tex. App.CHouston [1st
Dist.] 2006, pet. ref=d).  To be entitled to a new trial based
on a claim of ineffective assistance of counsel, an appellant must prove (1)
his trial counsel=s representation was deficient, and (2)
the deficient performance was so serious that it deprived the appellant of a
fair trial.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct.
2052, 2064 (1984).   








At the hearing on appellant=s motion for new
trial, the trial court heard testimony from appellant and appellant=s niece, as well
as considering affidavits provided by appellant=s niece and his
son, concerning the competence of the interpreter used by appellant=s trial counsel. 
But appellant also stated that his attorney Awould explain the
case@ and Atell [him] what
could happen if [a jury] found [him] guilty.@  Appellant never
indicated that he had difficulty communicating with his attorney.[8] 
Furthermore, neither appellant=s trial counsel nor the interpreter
testified at this hearing.  At a hearing on a motion for new trial, the trial
judge is the trier of fact and the sole judge of the credibility of the
witnesses.  See Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995)
(en banc).  And we have already determined that the record supports a finding
that appellant knowingly and voluntarily entered his guilty plea.  Thus, the
record does not affirmatively demonstrate his trial counsel=s alleged
ineffectiveness.   See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  Under these circumstances, appellant has not shown that his trial
counsel was ineffective or that the trial court abused its discretion in
denying his motion for new trial.  We overrule appellant=s fourth issue.

IV.  Conclusion

We conclude appellant knowingly and voluntarily entered his
guilty plea.  We also determine that appellant has not demonstrated his trial
counsel was ineffective.  We therefore affirm the trial court=s judgment.

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum Opinion filed September
20, 2007.

Panel consists of Justices Hudson, Guzman, and Price.*

Do Not Publish C Tex. R. App. P.
47









[1]  Although appellant did not initial the portion of the admonishments
indicating the nature of the charged offense, he acknowledged the range of
punishment for this second degree felony.  He also indicated that he understood
the admonishments and waived his rights to have the trial court orally admonish
him and to have a court reporter record his plea.  He further acknowledged that
he reads and understands Spanish and that all the admonishments and waivers
were read and explained to him by an interpreter, Gema Cantu.  





[2]  Appellant does not specify where this particular
finding appears in our record.  But two documents reflect that the trial court
determined appellant knowingly and voluntarily entered his plea.  First, the
trial court signed appellant=s judicial
confession, indicating that

[t]his
document was executed by the defendant, his attorney, and the attorney representing
the State, and then filed with the papers of the case.  The defendant then came
before me and I approved the above and the defendant entered a plea of guilty. 
After I admonished the defendant of the consequences of his plea, I ascertained
that he entered it knowingly and voluntarily after discussing the case with his
attorney.  It appears that the defendant is mentally competent and the plea is
free and voluntary.  I find that the defendant=s attorney is competent and has effectively represented the defendant
in this case.  I informed the defendant that I would not exceed the agreed
recommendation as to punishment.

In addition, the trial court=s judgment contains the following language:

The
Defendant waived his right of trial by jury, and pleaded [guilty] as indicated
above.  Thereupon, the Defendant was admonished by the Court as required by
law.  It appearing to the Court that the Defendant is mentally competent to
stand trial, that the plea is freely and voluntarily made, and that the
Defendant is aware of the consequences of his plea; the plea is hereby received
by the Court and entered of record.





[3]  Although appellant contends in the issue itself that
his fifth, sixth, and fourteenth amendment rights were violated, he only
discusses his right to confrontation in this section of his brief.  He also
claims article 26.13(d) of the Code of Criminal Procedure was violated.  But
this section requires that, if the court admonishes the defendant in writing,
it must receive a statement signed by the defendant and the defendant=s attorney that he understands the admonitions and is
aware of the consequences of his plea.  Tex.
Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2006).  Such a written
admonition is included in our record.  He also does not include any argument in
support of this contention.





[4]  This confession specified that appellant was charged
with the felony offense of sexual assault of a child, and that appellant Aunlawfully, intentionally and knowingly cause[d] the
sexual organ of [S.J.], a person younger than seventeen years of age and not
his spouse, to CONTACT [his] MOUTH.@





[5]  According to the trial court=s docket sheets, a court reporter was present at the
punishment hearing on February 24, 2006.





[6]  In addition, Mark Donnelly, the prosecutor assigned
to this case, testified at the hearing on appellant=s motion as to his recollection of appellant=s testimony at the pre-sentence investigation
hearing:  AI recall [appellant] claimed that he did have a sexual
encounter with the child and that he needs to be punished.  He claimed however,
although he knew that the encounter was wrong and it was illegal, that it was
that [sic] the child was a willing participant.@  Donnelly also indicated that appellant never expressed any confusion
during the proceedings and that appellant Aappeared
to understand everything that was going on.@





[7]  For example, appellant stated that he knew what a
right to a jury trial was, but that his attorney told him he would get a
harsher sentence if he were sentenced by the jury.  He also stated that his
attorney told him he would be given probation if he pleaded guilty. 





[8]  In fact, as discussed in more detail above,
appellant instead contended that he relied on his attorney=s alleged promises that he would receive probation in
exchange for his guilty plea, a contention he does not bring forth on appeal.  






*  Former Justice Frank C. Price sitting by assignment.