ACCEPTED
03-15-00727-CR
12913597
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/27/2016 8:28:02 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00727-CR

IN THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS IN AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/27/2016 8:28:02 AM
JEFFREY D. KYLE
Clerk

JUAN JOSE RAMIREZ, SR.,

Appellant

v.

THE STATE OF TEXAS

Appellee

Appeal in Cause No. 41984 in the
424th Judicial District Court of Burnet County, Texas

## *Brief For Appellee*

### *Oral Argument Requested*

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
WILEY B. "SONNY" McAFEE, DISTRICT ATTORNEY

Gary W. Bunyard
Assistant District Attorney
P. O. Box 725
Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755     (325) 247-5274
g.bunyard@co.llano.tx.us
State Bar. No. 03353500

ATTORNEY FOR APPELLEE

September 27, 2016

## *Identity Of The Parties*

Trial Court

>   Honorable Evan Stubbs
>   424[th] Judicial District
>   Burnet County Courthouse Annex (North)
>   1701 East Polk St., Suite 74
>   Burnet, TX 78611

State/Appellee Counsel

>   Blake Ewing                                        (Pretrial and Trial)
>   Assistant District Attorney (former)
>   1701 E. Polk St., Suite 24
>   Burnet, TX 78611
>   (512) 756-5449
>   State Bar No. 24076376

>   Kristen Sharpe                                     (Trial)
>   Assistant District Attorney
>   1701 E. Polk St., Suite 24
>   Burnet, TX 78611
>   (512) 756-5449
>   State Bar No. 24073482

>   Gary W. Bunyard                                    (Appellate)
>   Assistant District Attorney
>   P. O. Box 725
>   Llano, Texas 78643
>   (325) 247-5755
>   State Bar No. 03353500
>   g.bunyard@co.llano.tx.us

Appellant Counsel

       Revis Kanak                                    (Pretrial and Trial)
       Public Defender's Office
       1008 N. Water Street
       Burnet, Texas 78611
       Telephone:(512)234-3061
       State Bar No. 11091500


       Daniel H. Wannamaker                (Appellate)
       1012 Rio Grande St.
       Austin, Texas 78701
       (512) 236-9929
       State Bar No. 20834300
       dhw@wannamakerlaw.com


Appellant

       Juan Jose Ramirez, Sr.
       TDCJ #02032163
       SID #06581167
       Bartlett State Jail
       1018 Arnold Dr.
       Bartlett, TX 76511

# Table Of Contents

Page

Index of Authorities.................................................... v

Statement of the Case................................................. 1

Statement on Oral Argument....................................... 1

Response to Issues Presented........................................ 2

Statement of the Facts................................................. 3

Summary of the Argument - Issue No. 1........................ 6

> By not requesting a licensed court interpreter Appellant
> has waived his right to have the court appoint a licensed
> interpreter for the Plea Bargain Deadline hearing and
> has further failed to preserve for appellate review any
> error on this issue.

Argument on Issue No. 1

1.1   *Principals of Law*.............................................. 6

1.2   *Applicable Facts*.............................................. 8

1.3   *Discussion and Conclusion*................................. 10

Prayer for Relief....................................................... 15

Certificate of Word Count........................................... 15

Certificate of Service.................................................. 16

# Index Of Authorities

Case Law                                                                                     Page

*Baltierra v. State,*
    586 S.W.2d 553, 556-559 (Tex. Crim. App. 1979)...................                11

*Briones v. State,*
    595 S.W.2d 546, 548 (Tex. Crim. App. 1980)..........................                7

*Ex parte Marez,*
    464 S.W.2d 866 (Tex. Crim. App. 1971)..................................                7

*Ex parte Zantos-Cuebas,*
    429 S.W.3d 83 (Tex. App. - Houston [1st Dist.] 2014, no pet.).                12, 14

*Garcia v. State,*
    151 Tex. Crim. 593, 210 S.W.2d 574 (1948)..............................                7

*Garcia v. State,*
    149 S.W.3d 135, 138-140 (Tex. Crim. App. 2004)...................                12

*Hernandez v. State,*
    986 S.W.2d 817, 822 (Tex. App. - Austin 1999, pet. ref'd).......                7, 14

Constitutions

None cited

Statutes/Rules

Tex. Code Crim. Proc. art. 38.30(a)................................................. 6

Treatises/Publications

None cited

## Statement Of The Case

Appellant has reasonably set forth the Statement of the Case as proscribed in Tex. R. App. P. Rule 38.1 (d).

## Statement on Oral Argument

The undersigned requests Oral Argument. The undersigned does not believe that Oral Argument will be beneficial for this case for the reason that the issues are straight forward and do not contain complex nuances, however, the Appellant has requested Oral Argument. In such event that this Court should believe that Oral Argument would assist the Court, the undersigned will gladly participate.

## *Response to Issues Presented*

Issue No. One:

By not requesting a licensed court interpreter Appellant has waived his right to have the court appoint a licensed interpreter for the Plea Bargain Deadline hearing and has further failed to preserve for appellate review any error on this issue.

## Statement Of The Facts

Appellant has not fully described the Statement of the Facts in accordance with Tex. R. App. P. Rule 38.1(g).

Appellant was charged by Indictment with the offense of Aggravated Assault With A Deadly Weapon.[1] Prior to trial the trial court conducted a Plea Bargain Deadline Hearing wherein Appellant informed the trial court that he declined the plea bargain offer made by the State.[2]

On the day of trial the trial court announced for the record that Mr. Tomas Leon and Mrs. Sophia Leon, each certified Spanish/English interpreters, were present.[3]

At trial State's witness Ana Ramirez, Appellant's ex-wife, testified by way of an interpreter that Appellant called her phone many times sounding drunk and mad.[4] When Ana arrived home from work Appellant grabbed her from behind placing a knife to her throat.[5] Appellant told Ana that if she moved Appellant would kill Ana.[6]

---

[1] 1 C.R. 4-5.

[2] 2 R.R. 4-6.

[3] 3 R.R. 4. During trial Tomas Leon performed interpretation for Appellant and Sophia Leon performed interpretation for the witnesses.

[4] 4 R.R. 15-16, 25.

[5] 4 R.R. 26-27.

[6] 4 R.R. 57.

Ana struggled to move the knife away from her and her hand was cut when she was finally successful in getting the knife away from her throat.[7]

Appellant continued to maintain a hold on Ana preventing her from being able to escape.[8] During this struggle Appellant attempted to throw the knife at Ana's chest.[9] At some point during the struggle Appellant kicked Ana in the lower stomach area.[10] Appellant had also taken Ana's phone during the struggle and threw it down.[11] It was not until Ana's sister arrived next door that Appellant released Ana and ran away.[12] Ana was so frightened during the struggle that she urinated on herself.[13]

As Appellant was running away he told Ana that he would get revenge on her family in Honduras if Ana caused trouble for him with the police.[14]

---

[7] 4 R.R. 29-30.

[8] 4 R.R. 31.

[9] 4 R.R. 31.

[10] 4 R.R. 32.

[11] 4 R.R. 43.

[12] 4 R.R. 31.

[13] 4 R.R. 32.

[14] 4 R.R. 33.

Once the State rested its case Appellant rested without calling any witnesses.[15] A Court's Charge to the Jury was prepared to which neither side had objections.[16]

Following the reading of the Charge and final arguments by both sides the jury rendered its verdict that Appellant was Guilty of the offense of Aggravated Assault With A Deadly Weapon by Threat as charged in the Indictment.[17]

Having elected for the jury to assess punishment, the jury's verdict was for imprisonment for a period of 10 years with no fine assessed.[18]

---

[15] 4 R.R. 169.

[16] 4 R.R. 170-171.

[17] 5 R.R. 26-27.

[18] 6 R.R. 55.

## *Summary Of The Argument on Issue No. 1*

Appellant here argues that the trial court was obligated to provide Appellant with a licensed court interpreter to assist Appellant during the Plea Bargain Deadline hearing. Appellant did not request the services of a licensed court interpreter for this hearing, but instead relied upon his own understanding of the English language together with the interpretation provided by his court-appointed trial counsel. As such Appellant has waived his right to a licensed court interpreter for the Plea Bargain Deadline hearing and has further failed to preserve for appellate review any error on this issue.

## *Argument On Issue No. 1*

### *1.1    Principals of Law*

When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness.[19]

---

[19] Tex. Code Crim. Proc. art. 38.30(a).

Unless the record otherwise demonstrates the defendant's lack of understanding of the proceedings, a defendant who does not request an interpreter waives the right to complain on appeal.[20]

The only basis for providing an interpreter is because of the constitutional and statutory guarantee of confrontation under the Constitutions of the United States and of Texas.[21] However those rights may be waived.[22]

Where the record shows that the appellant was aware of the consequences of his entry of a plea of nolo contendere, the waiver given by the appellant was "an intentional relinquishment or abandonment of a known right."[23] As such an interpreter, other than his attorney, would have added nothing to insure that appellant voluntarily and intelligently waived his right to confrontation and cross-examination of witnesses and entered a plea of nolo contendere.[24]

---

[20] *Hernandez v. State*, 986 S.W.2d 817, 822 (Tex. App. - Austin 1999, pet. ref'd).

[21] *Ex parte Marez*, 464 S.W.2d 866 (Tex. Crim. App. 1971).

[22] *Garcia v. State*, 151 Tex. Crim. 593, 210 S.W.2d 574 (1948).

[23] *Briones v. State*, 595 S.W.2d 546, 548 (Tex. Crim. App. 1980).

[24] *Id.*

## 1.2    *Applicable Facts*

On October 13, 2015, the trial court called this cause for a Plea Bargain Deadline Hearing.[25]  For the record the trial court announced the presence of Appellant and his trial counsel and that his trial counsel was interpreting for Appellant.[26]  This hearing begins with the trial court asking Appellant to verify that he is Juan Jose Ramirez, Senior to which Appellant answers affirmatively.[27]  The trial court then explains the range of punishment, both prison and probation, for a second degree felony.[28]  In response to this Appellant, through his trial counsel acting as his interpreter, asks to clarify that the fine is in addition to the prison time.[29]  The trial court acknowledges the clarification to which Appellant responds "Yes. So after all that, yes."[30]  It is at this point that the trial court makes the following inquiry:

"THE COURT:      Okay. You understand that if you want to work out an agreement, today is your day to do an agreement?

---

[25]  2 R.R. 1.

[26]  2. R.R. 4.

[27]  2 R.R. 4.

[28]  2 R.R. 4.

[29]  2 R.R. 4.

[30]  2 R.R. 4.

8

"MR. KANAK:      Okay. Yes, he understands that, and, no, he's wanting to proceed.

"THE COURT:     Okay. Then we will be here on October the 19th at 8:30 a.m.

"MR. KANAK:     Okay. Yes."[31]

Following this discussion the prosecutor offered to recite the plea bargain offer for the record, that being two years confinement in the Institutional Division or an alternative offer of ten years deferred adjudication and either of those would be accepted by the State "today".[32]    To this recitation the Appellant personally responded "Okay. Yes. I understand that and I'm not accepting that."[33]

The trial court made the following further admonishment:

"THE COURT:     Okay. Mr. Ramirez, what I want you to understand is that after today we're not going to have a plea agreement and if you go to trial the jury can give you anywhere from two to 20 years in prison. And if you get a 20-year sentence, you won't being eligible for parole until after you've served at least ten of that. So that's your choice, but I want to make sure that you understand the risk that you are taking.

"THE DEFENDANT:     Yes, I understand."[34]

---

[31]   2 R.R. 4.

[32]   2 R.R. 5.

[33]   2 R.R. 5.

[34]   2 R.R. 5.

## 1.3    Discussion and Conclusion

As described by the Court of Criminal Appeals in *Ex parte Marez*, the purpose of art. 38.30(a) is to guarantee a defendant's right to confrontation of the witnesses against him.   Further, the protection of art. 38.30(a) is not triggered unless or until any party requests the trial court to appoint an interpreter or until the trial court sua sponte believes that a defendant is not able to understand the proceedings.   More importantly to this case is that because Appellant did not request the appointment of an interpreter his ability to complain on this issue on appeal is waived unless the record establishes that Appellant could not understand the proceedings.

It is very important to note that the entire complaint is centered around perhaps a five minute hearing in which the trial court sought to establish whether a plea bargain was possible.   There was no witness called nor any exhibits offered for any reason.   Therefore the confrontation issue was never at play in this hearing.

No request was made for an interpreter to be present for this hearing.   A presumption can be made that the trial court would be aware of Appellant's trial counsel's familiarity with the Spanish language as counsel was a member of the local public defender's office and would have appeared before the trial court on a number of occasions.    Careful consideration as to the appropriateness of Appellant's responses to the questions posed by the trial court would give further confidence

that between the trial counsel's interpretation and Appellant's even rudimentary understanding of the English language Appellant had a sufficient comprehension of what was being said during this hearing and the implications of his rejection of the plea bargain offer. Although Appellant started the hearing by answering through his court-appointed counsel, when the prosecutor described the plea bargain offer Appellant began directly answering himself with well-worded comments.

Following this when the date of trial arrived one interpreter was present for Appellant while a second interpreter was present for the witnesses. The interpreter for Appellant was present at trial from start to finish.

The case authority cited by Appellant can be distinguished as the holding of the *Baltierra* case and the *Garcia* case points to the constitutional right to confront the witnesses against him. In *Baltierra*[35] the Court of Criminal Appeals reviewed the history of cases involving persons unable to understand the English language. This history was completely and totally focused on the need of the defendant to understand the ***trial*** proceedings in order to protect the defendant's constitutional and statutory guarantees of confrontation under the Constitution of Texas and of the United States. The Court noted that a court interpreter was present but only

---

[35] *Baltierra v. State*, 586 S.W.2d 553, 556-559 (Tex. Crim. App. 1979).

interpreted for the defendant when the defendant personally took the stand as a witness. Since the court interpreter did not interpret for the defendant during the testimony of the other witnesses the Court held that the defendant's right to confront the witnesses had been violated. The Court further noted that because that trial court had been made aware at the beginning of the trial that the defendant was not able to understand the English language that trial court had a duty to appoint an interpreter for the defendant during the entire trial process.

In the *Garcia* case[36] the facts under scrutiny were that Garcia could not understand the English language to any appreciable degree. The trial court "hired" the legal assistant of Garcia's trial counsel as the interpreter. However, while the legal assistant interpreted Garcia's testimony for the jury, she did not interpret the testimony of any of the other witnesses for Garcia.

In the case of *Ex parte Zantos-Cuebas*[37] the defendant was charged with the misdemeanor offense of terroristic threat/dating relationship. The defendant brought his 17 year old friend to act as an interpreter. The defendant waived counsel and plead guilty as part of a plea bargain. Adjudication of guilt was deferred and the defendant was placed on community supervision. The defendant was later

---

[36] *Garcia v. State,* 149 S.W.3d 135, 138-140 (Tex. Crim. App. 2004).

[37] *Ex parte Zantos-Cuebas,* 429 S.W.3d 83 (Tex. App. - Houston [1st Dist.] 2014, no pet.).

detained and subjected to deportation proceedings. The defendant filed an art. 11.072 application for writ of habeas corpus complaining that his friend did not translate the portion of the plea papers informing him that a plea of guilty could result in his being deported. The trial court held the application to be frivolous without making any written findings of fact and conclusions of law.

The First Court of Appeals held that in order to waive a constitutional right the defendant must be aware of the right. The court also held that the trial court could only determine that an application is frivolous without filing findings of fact and conclusions of law if the application on its face showed the claim to be without merit. The court pointed out that the 17 year old friend signed an affidavit stating that she did not interpret that part of the papers that discussed the potential impact of a plea of guilty on the defendant's immigration status. The court further pointed out that the application also contained the defendant's affidavit that a plea of guilty could have an impact on his immigration status and he would never have pleaded guilty had he known that he could be deported. As such the First Court of Appeals determined that the application was not frivolous on its face and remanded the case to the trial court to conduct an evidentiary hearing and to make findings of fact and conclusions of law.

In the present case, the record establishes that the only right that Appellant was waiving was his right to request a court-appointed interpreter at the Plea Bargain Deadline Hearing. There is nothing in this record to show that Appellant did not have a clear understanding that if he did not accept one of the two plea bargain offers on that day his case would go to trial on the next jury date.

The basic theory of law in the *Zantos-Cuebas*[38] case is not different from the holding in the *Hernandez*[39] case and as such, without a clear record showing Appellant had no understanding of the proceedings, Appellant failed to preserve error for appellate review when he did not request a court-appointed interpreter for the Plea Bargain Deadline Hearing.

Therefore Appellant's first and only issue should be denied and the judgment and sentence in this cause should be affirmed.

---

[38] Supra.

[39] *Hernandez v. State*, 986 S.W.2d at 822.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellee prays the Court deny

the relief requested by Appellant and affirm the judgment of conviction and sentence

entered against Appellant.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643
Telephone      Telecopier
(325) 247-5755   (325) 247-5274

By:_____
   Gary W. Bunyard
   Assistant District Attorney
   State Bar No. 03353500
   g.bunyard@co.llano.tx.us
ATTORNEY FOR APPELLEE

## CERTIFICATE OF WORD COUNT

This is to certify that the pertinent portions of this brief, including footnotes, contains 2,544 words printed in Aldine401BT 14 font (footnotes are printed in Calibri 12 font), according to the WordPerfect™ X8 word count tool.

Gary W. Bunyard

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded on the 27th day of September 2016, to Daniel H. Wannamaker, Attorney for Appellant, by EServe.

Gary W. Bunyard
Assistant District Attorney